Ronald David **HOPKINS**, #83472, Petitioner,

v.

Governor David **HALL**, State of Oklahoma, et al., Defendants.

Civ. No. 73–150.

United States District Court,
E. D. Oklahoma.

Jan. 18, 1974.

Ronald David Hopkins, pro se.

Kay Karen Kennedy, Asst. Atty. Gen., Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

The above Defendants have filed a Motion To Dismiss Petitioner's complaint against them. The Motion is overruled as to the Defendant Park J. Anderson and George Black inasmuch as Petitioner has stated a claim against each of them upon which relief may be granted the Petitioner if the claims are supported by the evidence.

■ Defendant Hall is alleged to have employed Defendant Anderson and no other reference is made to him or basis for his liability shown. The doctrine of respondeat superior is not applicable to cases brought under 42 U.S.C. § 1983.

Therefore, the Motion to Dismiss will be sustained as to Defendant Hall. Barrows v. Faulkner, 327 F.Supp. 1190 (WDOkl.1971).

■ None of the other Defendants are specifically named in the text of the pleadings. Broad allegations are made (without even specifying their capacity) that all of the Defendants "are vested with power and duties encompassing maintenance supervision at the Oklahoma State Prison at McAlester, Oklahoma, and as such the officials have direct responsibility for the Petitioners proper care and custody." This is not sufficient. It is the general rule that an official will not be liable in a Civil Rights action unless he directly and personally participates in conduct under color of state law which deprives the plaintiff of rights, privileges, and immunities secured him by the Federal Constitution. Richardson v. Snow, 340 F.Supp. 1261 (D.Md.1972). It is an essential element of a Civil Rights claim that the particular defendant be personally involved in the alleged denial of the Constitutional right. Battle v. Lawson, 352 F.Supp. 156 (WDOkl.1972). Townes v. Swenson, 349 F.Supp. 1246 (W.D.Mo.1972); Campbell v. Anderson, 335 F.Supp. 483 (D.Del.1971).

■ Where a defendant's name appears only in the caption and there is no allegation that he participated in the alleged unconstitutional action, he is entitled to be dismissed from the lawsuit. Brzozowski v. Randall, 281 F.Supp. 306 (E.D.Pa.1968). The pleadings in which the defendants are not identified by name will not suffice. Tolefree v. Ritz, 382 F.2d 566 (9 Cir. 1967). Accordingly, the Motion to Dismiss will be sustained as to the Defendants McCracken, Gossett and Johnston.

It is therefore ordered:

1. The Motion to Dismiss is overruled as to the Defendants Park J. Anderson and George Black; and

2. The Motion to Dismiss is sustained as to the Defendants Governor David Hall, Leo McCracken, Dale Gossett and Sam Johnston.