**Larry LINEBARGER and Jimmy Phillips, Plaintiffs,**

v.

**Bill WILLIAMS et al., Defendants.**

No. 77–157–C.

United States District Court, E. D. Oklahoma.

Aug. 12, 1977.

Larry Linebarger and Jimmy Phillips, pro se.

Kay Karen Kennedy, Asst. Atty. Gen., Oklahoma City, Okl., for defendants.

## ORDER DISMISSING ACTION

MORRIS, Chief Judge.

This action is before the court on a motion by the Attorney General to dismiss the complaint against all defendants. A brief has been submitted in support of the motion and plaintiffs have filed a response and brief opposing the motion. Dismissal is sought on behalf of all defendants for failure to state a claim upon which relief can be granted and for failure to allege that defendants have committed a personal act which violated plaintiffs' constitutional rights. In addition, dismissal is sought as to two individual defendants, defendants Daniels and Sorrels, because defendant Daniels' name appears only in the caption of the complaint and not in the complaint itself and defendant Sorrels is identified in the complaint only by his official title and not by name.

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by two inmates of the Oklahoma State Penitentiary. Defendants Williams, Thompson, Davison and Daniels are members of the Oklahoma State Penitentiary Corrections Review Committee, a board established to recommend candidates for parole to the Pardon and Parole Board by interviewing and screening inmates who have applied for parole consideration. A favorable review by the Corrections Review Committee results in an inmate being placed on the parole docket for parole consideration by the Pardon and Parole Board. Defendant Sorrels is identified in plaintiffs' action only as Supervisor of Classification at the prison and not by name.

Plaintiffs contend that they have been deprived of their civil rights because the Corrections Review Committee's procedural criteria violate the due process and equal protection clauses of the United States Constitution. Specifically, plaintiffs allege that the defendants have deprived them of their constitutional rights by arbitrarily and capriciously refusing to recommend plaintiffs to the Pardon and Parole Board for parole consideration and by refusing to furnish plaintiffs with a written explanation for the committee's decision.

A number of Courts of Appeals have recognized that limited due process rights inhere in parole release proceedings and that a *parole board* is not at liberty to arbitrarily and capriciously deny parole authorized by state statute. It is now settled that a prisoner is entitled to a brief statement of the reasons for the parole board's denial of parole. *Childs v. United States Parole Board*, 167 U.S.App.D.C. 268, 511 F.2d 1270 (1974); *Bradford v. Weinstein*, 519 F.2d 728 (4th Cir. 1974), *vacated as moot*, 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975); *King v. United States*, 492 F.2d 1337 (7th Cir. 1974); *contra, Brown v. Lundren*, 528 F.2d 1050 (5th Cir. 1976). This circuit has agreed with the decision in *King v. United States, supra*, that "a substantial argument can be made that some modicum of due process should attend the denial of the expectation of conditional freedom on parole" and has required that a parole board provide a "brief statement of reasons for the denial of parole." *Mower v. Britton*, 504 F.2d 396, 397–98 (10th Cir. 1974).

In the case at hand, however, plaintiffs are neither complaining of an arbitrary and capricious denial of parole by the Pardon and Parole Board nor of a failure by that board to furnish them with a statement of reasons for such denial. Rather, plaintiffs contend that the refusal of the Corrections Review Committee to recommend them to the Pardon and Parole Board for parole consideration and the refusal of C.R.C.

members to supply plaintiffs with an explanation for this action constitute a violation of their constitutional rights. This court does not agree. In their brief, plaintiffs have cited no case, nor is this court aware of any case, that requires a body, other than the parole board itself, to furnish reasons for its actions in the parole process. Furthermore, this court is unaware of any cases holding that minimal due process rights concerning parole attach *prior* to a prisoner's actual consideration for parole by a parole board.

Here, plaintiffs were not docketed for parole consideration. They were not considered for parole by the Pardon and Parole Board. Their only complaint lies with the refusal of the Corrections Review Committee to recommend them for consideration to the Pardon and Parole Board. Plaintiffs do not contend that the parole board is bound by the recommendations of the Corrections Review Committee as to the cases it chooses to review. Indeed, the rules promulgated by the Pardon and Parole Board as to its hearings on parole applications provide that

> No formal application for a parole hearing is required. Any type of written request, letter, memorandum or otherwise, made to the Office of Division of Probation and Parole, or to any member of the Pardon and Parole Board, or to any duly authorized official to transmit such message to the proper officials will suffice. *A subject may be placed on the "Docket"* for consideration of parole, commutation, leave or clemency *by (1) Recommendation of the Corrections Review Committee, subject to the final approval of the Board, or (2) Any member of the Board.*
>
> Okl.Stat., tit. 57, ch. 7–App. (Supp.1976–77).

The rules of the Pardon and Parole Board clearly state that any recommendation made by the Corrections Review Committee is reviewable by the Board. Moreover, plaintiffs have access to the Pardon and Parole Board, without going through the Corrections Review Committee, by being placed on the docket by an individual member of the Parole Board.

A prison inmate is not entitled to confront and cross-examine persons who have provided the Pardon and Parole Board with adverse information. *Barr v. United States*, 415 F.Supp. 990 (W.D.Okl.1976). The same is true where the Board is provided adverse information by way of a refusal to recommend the inmate for parole consideration. Plaintiffs have failed to allege any act or omission on behalf of the defendants which could possibly amount to a deprivation of any constitutional right cognizable under § 1983. Accordingly, the complaint fails to state a claim upon which relief can be granted and the action is therefore dismissed as to all defendants. Rule 12(b)(6) Federal Rules of Civil Procedure.

Defendants Daniels and Sorrels seek dismissal of the action as to themselves on additional grounds. Defendant Daniels requests dismissal because his name appears only in the caption of the complaint and not in the complaint itself. Defendant Sorrels contends that he is not personally named in the complaint, which identifies him only by title, and that plaintiffs have not attributed any act to him in their complaint which violates their constitutional rights. A review of the complaint discloses that plaintiffs have made no allegations against either defendant Daniels or against defendant Sorrels, as an individual or as Supervisor of Classifications. Neither man is mentioned in any portion of the body of the complaint.

It is well settled that an official will not be liable in an action brought under § 1983 unless he directly and personally participates in conduct under color of state law which deprives plaintiffs of rights, privileges and immunities secured them by the United States Constitution. *Dewell v. Lawson*, 489 F.2d 877 (10th Cir. 1974); *Armstrong v. McCracken*, No. 74–1258 (10th Cir. 1974); *Christian v. Anderson*, No. 74–213 (10th Cir. 1974); *Hopkins v. Hall*, 372 F.Supp. 182 (E.D.Okl.1974). "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976).

In *Hopkins,* the federal district court stated: "Where a defendant's name appears only in the caption and there is no allegation that he participated in the alleged unconstitutional action, he is entitled to be dismissed from the lawsuit." 372 F.Supp. at 183. The Seventh Circuit reached the same conclusion in *Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974), when it stated:

> Conspicuous by its absence from the complaint is any allegation of any act on the part of defendant toward the plaintiff. The only place where defendant was named was in the caption of the complaint. . . . Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints. *Brzozowski v. Randall,* 281 F.Supp. 306, 312 (E.D.Pa.1968).

Similarly, pleadings in which the defendants are not identified by name will not suffice. *Craig v. United States,* 413 F.2d 854, 856 (9th Cir.), *cert. denied,* 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969); *Wiltsie v. California Department of Corrections,* 406 F.2d 515, 518 (9th Cir. 1968); *Tolefree v. Ritz,* 382 F.2d 566, 567 (9th Cir. 1967); *M. J. Brock & Sons, Inc. v. City of Davis,* 401 F.Supp. 354, 357 (N.D.Cal.1975); *Hopkins v. Hall,* 372 F.Supp. 182, 183 (E.D. Okl.1974).

In accordance with the foregoing authorities, the action is dismissed as to defendants Daniels and Sorrels on the additional ground that no specific acts on the parts of these defendants are alleged. As this order dismisses the action against all defendants for failure to state a claim upon which relief can be granted, plaintiffs' motion of July 27, 1977 styled "Order to Show Cause and Temporary Restraining Order" is hereby rendered moot.