Jo Ann YELLOW BIRD, Plaintiff,

v.

Robert BARNES, Individually and as a
police officer of the Gordon Police
Department, et al., Defendants.

Civ. No. 77–0–309.

United States District Court,
D. Nebraska.

June 28, 1979.

Douglas J. Sorensen, Oakland, Cal., and James D. Leach, San Jose, Cal., for plaintiff.

William P. Mueller and R. Kevin O'Donnell, Ogallala, Neb., for defendant, Dr. Bernard A. Owen.

## MEMORANDUM

DENNEY, District Judge.

Jo Ann Yellow Bird, an Oglala Sioux woman, brings this civil action against a number of defendants arising out of injuries she allegedly suffered on or about September 15, 1976. Seven months pregnant at that time, she alleges that she suffered physical abuse at the hands of local law enforcement officers and citizens of Gordon and Rushville, Nebraska, which caused her child to be stillborn two weeks later. Her complaint sets forth various violations of her constitutional and civil rights, as well as medical malpractice claims against a physician, Dr. Bernard A. Owen, for his failure to adequately treat her and his lack of due care in supervising hospital personnel who rendered the plaintiff aid. Dr. Owen's motion to dismiss presently faces this Court.

The motion to dismiss of Dr. B. A. Owen can be understood only after a thorough review of the pleadings that have been filed to date. The original complaint in this lawsuit was filed on September 12, 1977. One of the named defendants was Dr. Paul Poe, who was sued both individually and as an employee of the Gordon Memorial Hospital. Paragraph six of that complaint describes Poe as a physician authorized to practice medicine under the laws of Nebraska. Paragraph ten identifies Dr. Poe as an individual whose identity was unknown at that time to the plaintiff. The complaint alleges that Yellow Bird was taken to the Gordon Memorial Hospital for medical treatment, and that "she was examined, but not adequately treated, by defendant Dr. Paul Poe." Poe, along with the other named defendants, was accused of, *inter alia*, wilfully conspiring to deprive the plaintiff of her civil rights. Yellow Bird's second cause of action asserts that Poe's acts, in conjunction with the activities of the other named defendants, amounted to a breach of several tort duties. The third cause of action within the plaintiff's complaint alleges that Poe "was a physician in the State of Nebraska, and held himself out to possess that degree of skill, ability and learning common to medical practitioners." Poe allegedly was aware of Yellow Bird's need for treatment when she arrived at the hospital, but purportedly failed to provide her with adequate medical care. This omission to give the plaintiff adequate health care was allegedly wilful and malicious in character.

On May 11, 1978, a specially authorized process server personally presented Dr. B. A. Owen, as Dr. Paul Poe, with a copy of the summons and original complaint. On June 7, 1978, Dr. Owen filed a motion to dismiss on several grounds, including the fact that he was not a properly named defendant; that he never treated the plaintiff; that no sufficient and proper service of process had been served upon him; and that the Court lacked personal and subject matter jurisdiction.

On August 14, 1978, the plaintiff filed a motion requesting leave to file a second amended complaint. The Court allowed the amendment of the pleading on that same day. The new complaint had the function of replacing the fictitious name of Dr. Paul Poe with the true name of Dr. D. Addison and, in the words of the motion, to add Dr. B. A. Owen as a defendant. Amendment of the complaint was sought because of the plaintiff's discovery of the true names of various fictitious defendants. The second amended complaint alleges that both Dr. Owen and Dr. Addison examined the plaintiff and failed ·to adequately treat her. Again, the second amended complaint alleges wilful and malicious acts and omissions on the part of these two physicians. A new allegation of negligent supervision of Addison by Owen is also within the second amended complaint.

Dr. Owen filed a second motion to dismiss on November 28, 1978. Besides the advancement of the same grounds set forth in his motion to dismiss of June 7, 1978, Owen

raised the question of the tolling of the Nebraska statute of limitations regarding medical malpractice.

On December 21, 1978, this Court characterized the statute of limitations issue as being in the nature of an affirmative defense, and held that its validity would be more properly asserted in a motion for summary judgment, rather than under Rule 12 of the Federal Rules of Civil Procedure. A schedule for submission of affidavits and filing of briefs was set up to facilitate a ruling on the defenses of Dr. Owen.

Since no briefs or affidavits were submitted by Owen by March 6, 1979, the United States Magistrate recommended that the motion to dismiss be considered abandoned pursuant to this Court's local rules. This Court adopted that recommendation on March 27, 1979.

On April 4, 1979, Yellow Bird moved the Court for leave to file a third amended complaint to conform the pleading to facts developed during several depositions. The third amended complaint alleges that Addison and Owen failed to give the plaintiff adequate medical attention on account of her race, and that these doctors acted under color of state law, as agents of the hospital, a governmental subdivision of the State of Nebraska, in depriving the plaintiff of her rights, privileges and immunities.

On April 18, 1979, Dr. Owen filed an answer to the plaintiff's third amended complaint. All of the defenses raised in the motions to dismiss of Owens were again set forth in this answer.

In his amended answer of April 25, 1979, Owen raised the defense of the tolling of the statute of limitations with regard to §§ 1981 and 1983 of Title 42 of the United States Code.

In its order of April 27, 1979, the Court continued trial in the case until July 9, 1979. Due to the Court's desire to narrow the issues for the trier of fact and to address meritorious defenses prior to trial, briefs on issues raised by various defendants were ordered. Two issues specifically referred to by the Court were the questions of service of process and the statute of limitations.

■ The plaintiff resists the attempts of Owen to have the Court rule upon his motion by pointing out the failure of this defendant to adhere to Court-imposed deadlines in the past involving the issue of lack of personal jurisdiction. While the Court does not in any manner condone the failure of counsel to abide by briefing schedules, no ruling upon the merits has been entered on the issues raised in the answer of Owen. The matter cannot be considered *res judicata*. The Court invited the remittance of these briefs in an attempt to dispose of as many legal issues as possible prior to the July trial date. If the plaintiff is to successfully resist Owen's motion to dismiss, she must do so upon the merits.

■ No federal constitutional provision, statute or rule of procedure provides for the use of fictitious names in civil pleadings in federal district courts. *Sigurdson v. Del Guerico*, 241 F.2d 480, 482 (9th Cir. 1956); *Molnar v. N. B. C.*, 231 F.2d 684, 687 (9th Cir. 1956). In the absence of statute, the common law did not recognize the practice of obtaining jurisdiction over a defendant without stating his full and correct name. Note, *Designation of Defendants by Fictitious Names—Use of John Doe Complaints*, 46 Iowa L.Rev. 773, 775 (1961). In pure federal question cases, a number of courts have flatly held that "John Doe" complaints are impermissible. *Wiltsie v. California Dep't. of Corrections*, 406 F.2d 515, 518 (9th Cir. 1969); *United States ex rel. Davis v. Long's Drugs, Inc.*, 411 F.Supp. 1144, 1153 (S.D.Cal.1976), *disapproved on other grounds, Pettis ex rel. United States v. Morrison-Knudsen Co.*, 577 F.2d 668, 673 n. 3 (9th Cir. 1978); *M. J. Brock & Sons, Inc. v. City of Davis*, 401 F.Supp. 354, 357 (N.D. Cal.1975) (pendent state claims also in issue); *Hopkins v. Hall*, 372 F.Supp. 182, 183 (E.D.Okl.1974). This position is by no means unanimously embraced by federal courts that have considered the matter. *See generally* Annot., *Propriety and Effect of Use of Fictitious Name of Party in Complaint in Federal District Court*, 8 A.L.R. Fed. 675 (1971). No less a tribunal than the

Supreme Court has heard cases involving unnamed defendants. *Bivens v. Six Unknown Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

If Yellow Bird's complaint was purely based upon this Court's jurisdiction to adjudicate suits between diverse litigants, the law of Nebraska regarding fictitious defendants would have to be addressed. Neb. Rev.Stat. § 25–321 (Reissue 1975) allows the designation of unknown defendants. Assuming that federal law does not allow suit against fictitious defendants, the state law would probably be adopted as the law of this case by virtue of the "outcome-determination" test of *Guaranty Trust v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945) and the general principles enunciated in *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

The complaint of Yellow Bird sets forth causes of action under both federal and state law. The Court feels compelled to recognize the Nebraska statute as it relates to the portion of this case resting upon the jurisdictional base of diversity of citizenship. To hold that a "Doe" defendant may be named only as to the state claims and not with regard to the federal causes of action would fly in the face of reality of the situation, especially considering the unsettled nature of the practice in pure federal question cases. Proper service upon a defendant sued under a theory of state law would inform that litigant of all claims against him, regardless of the basis of jurisdiction. Where, as here, the use of fictitious defendants is allowed under the applicable state law, and federal claims are coupled with tort causes of action, the Court believes that the practice should be allowed.

No question exists that Dr. Owen was personally served with the original complaint well within Nebraska's two year statute of limitations for medical malpractice and the shortest state statute of limitations that could be applicable to the civil rights claims. The suit against "Dr. Poe" was amended to state a cause of action against Owen and Addison prior to the expiration of the limitations period. The second amended complaint was mailed to Owen's counsel, as were all subsequent pleadings. Owen now asserts that the second amended complaint should have been personally served upon him rather than mailed to his attorney. No personal service of the second amended complaint was ever attempted on Owen.

Although this factual situation does not fall within the category of cases where a plaintiff seeks to invoke Rule 15(c) of the Federal Rules of Civil Procedure by amending a "Doe" complaint to name a real defendant where the statute of limitations has run out between the original pleading and the new complaint, the Court feels that an examination of those holdings is instructive. If Yellow Bird's second amended complaint relates back to the original pleading that was personally served on Dr. Owen, the Court believes that the original process was sufficient to obtain jurisdiction over this defendant. The Court shall measure the facts in this case against the holdings of other courts that have addressed the question of intervening statutes of limitations.

Many courts have stated that a relation back is not proper where a plaintiff substitutes actual individuals for "Doe" defendants after the limitations period has run. *Sassi v. Breier*, 584 F.2d 234, 235 (7th Cir. 1978), *aff'ing* 76 F.R.D. 487 (E.D.Wis.1977); *Bufalino v. Michigan Bell Telephone Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968), *cert. denied* 394 U.S. 987, 89 S.Ct. 1468, 22 L.Ed.2d 763 (1969); *Hoffman v. Halden*, 268 F.2d 280, 304 (9th Cir. 1959), *overruled on other grounds, Cohen v. Norris*, 300 F.2d 24, 29–30 (9th Cir. 1962). However, in none of these cases were the fictitious defendants aware of the litigation prior to the amendment. No process was served on the defendants in these cases prior to the expiration of the limitations period.

The cases that have allowed the relation back of an amendment substituting an actual defendant for a "Doe" party have considered whether the original complaint has stated a cause of action against the unknown defendant. *Fematt v. Nedlloyd Line*, 191 F.Supp. 907, 910 (S.D.Cal.1961).

The plaintiff has clearly stated a claim based upon negligence and upon violation of her civil rights in the present case. Relation back has also been allowed where the three conditions of Rule 15(c) are satisfied. *Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171, 174–75 (3d Cir. 1977); *Craig v. United States*, 413 F.2d 854, 856–58 (9th Cir.), *cert. denied* 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969). *Cf. Williams v. Avis Transport of Canada, Ltd.*, 57 F.R.D. 53, 56 (D.Nev. 1972).

The first of the three prerequisites to the allowance of a relation back is that the amended complaint relates to the same "conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Yellow Bird's amendment certainly relates to the negligent medical treatment allegations contained in the original complaint. The additional allegations in her third amended complaint that such treatment was due to her race, constituting violations of the Civil Rights Act, do not change this result. The same conduct gives rise to both the federal and state claims.

The second segment of the Rule 15(c) test relating to actual notice and lack of prejudice is satisfied by the facts in the present case. Owen received personal service of the original complaint and his counsel received copies of all subsequent filings. This defendant has engaged in discovery by filing interrogatories and attending depositions. Owen "has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits."

Finally, Owen "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." Owen was named as an actual defendant "within the period provided by law for commencing the action against him." This defendant's allegation that the acts in the original complaint do not describe his actions, but rather the actions of another individual, are contained only within his counsel's brief, and are unsupported by any affidavit as to what actions Owen actually undertook. In fact, the complaint alleges that Owen and Addison both failed to give the plaintiff adequate medical attention on account of her race. If Owen is to refute this allegation, he must do so upon the merits, and not through this pretrial motion, especially in the absence of evidence suggesting that a reasonable physician in Owen's position would not have realized the error.

Owen relies heavily on the plaintiff's characterization of him as an "additional party" in her motion to file a second amended complaint, and Yellow Bird's reference to Addison as the "Dr. Poe" sued in the original complaint. Owen maintains that the plaintiff served him personally by mistake, and that service of the original complaint was supposed to have been on Addison. The defendant argues that, since the original complaint was not intended for him, and because no other process was ever served, the statute of limitations prevents the trial of the claims against him.

While this argument is not without some merit, the Court declines to find it controlling. In her original complaint, the plaintiff stated that the fictitious defendants were individuals whose identity and number were presently unknown. With the exception of the issue of Owen's negligent supervision of Addison, the allegations against both of these physicians are the same. The plaintiff's characterization of which physician was a party at the time of the motion to file a second amended complaint is at variance with the fact that Owen, and not Addison, was personally served with process. The Court will not find the plaintiff's description controlling because of these facts. Yellow Bird intended to sue at least one physician practicing out of the Gordon Memorial Hospital when she caused the original complaint to be filed and eventually served on Owen. The subsequent amendment is not at variance with that intention.

Equitable principles also militate against the position of Dr. Owen. He is fully prepared to proceed to trial upon the merits.

He participated in discovery. His attorney attended the pretrial conference on his behalf. On balance, the Court feels that Dr. Owen should be required to proceed with this matter on the merits.

An order shall be filed contemporaneously herewith.