**Jerome R. MACLIN, Plaintiff-Appellant,**

v.

**Deputy Sheriff PAULSON et al., Defendants-Appellees.**

No. 79–1539.

United States Court of Appeals, Seventh Circuit.

Heard April 14, 1980.
Decided Aug. 7, 1980.

12. See, *e. g., N. L. R. B. v. Wire Products Manufacturing Corp., supra.*

**84**

Christopher L. Varner, Jenner & Block, Barry Sullivan, Jerold Solovy, Chicago, Ill., for plaintiff-appellant.

David C. Field, Spangler, Jennings, Spangler & Dougherty, Gary, Ind., for defendants-appellees.

Before FAIRCHILD, Chief Judge, CUMMINGS, Circuit Judge and JAMESON, Senior District Judge.*

CUMMINGS, Circuit Judge.

Plaintiff, an Indiana state prisoner, filed a civil rights damage action under 42 U.S.C. § 1983 against Charles Boone, Chief of Police in Gary, Indiana. In that *pro se* complaint, he alleged that he was (1) arrested and beaten by Boone on February 17, 1978, while in custody, (2) denied medical treatment by Boone following the beating, and (3) denied the right to call legal counsel during pretrial detention. He sought a declaratory judgment and $50,000 in damages. Plaintiff asserted that Boone had violated

---

* The Honorable William J. Jameson, Senior District Judge of the District of Montana, is sitting by designation.

plaintiff's Fifth, Sixth, Eighth and Fourteenth Amendment rights.

In September 1978, plaintiff filed four additional *pro se* civil rights actions. The first was against Deputy Sheriff Paulson of Lake County, Indiana. In this complaint Maclin alleged that Paulson denied him medical treatment, refused to permit him to call an attorney and permitted him to be beaten "by unknown inmates" while in Paulson's custody. In this complaint he also sought $50,000 in damages, asserting that his Fifth, Eighth and Fourteenth Amendment rights had been violated by Paulson.

The second September 1978 complaint was against Gary Police Department "Arresting Officer No. 1," stating that plaintiff was beaten by Arresting Officers No. 1 and 2 on February 17, 1978, while in the detention unit at the Gary, Indiana, police station. He also asserted that both officers denied him medical treatment after the beating and refused to permit him to call a lawyer "and see a judge without unnecessary delay." Plaintiff again claimed that his Fifth, Eighth and Fourteenth Amendment rights had been violated and that he was entitled to $50,000 in damages.

The third September complaint was against Gary Police Department "Arresting Officer No. 2" and alleged the same facts as against Arresting Officer No. 1, and identical relief was sought.

The final September complaint was against the Lake County jail physician, whose name does not appear in the complaint. The gravamen of this complaint was that said defendant had denied Maclin medical attention after he had obtained a court order, thus violating plaintiff's Eighth Amendment rights. Plaintiff renewed his previous requests for $50,000 in damages. According to the notice of appeal (App. A–42), the physician is named Dr. Greuteris.

After the four September 1978 complaints were filed, Judge Sharp granted

plaintiff leave to proceed *in forma pauperis* on September 21, 1978. A week later, Judge Sharp consolidated the July 1978 complaint (No. H–78–309) with the four September complaints (all numbered S–78–207), and on November 1, 1978, Sheriff Paulson and the Lake County jail physician filed an answer denying the key allegations against them. Also on November 1st, Chief of Police Boone and Arresting Officers 1 and 2 filed their answer denying the allegations against them. The John Doe officers simultaneously moved the court to dismiss the complaints against them on the grounds that the summonses to the arresting police officers did not properly contain their names and that the complaints against them failed to state a claim upon which relief might be granted. They and Boone also moved for a more definite statement with respect to the complaints because they were "vague, indefinite and ambiguous" and because plaintiff had not named the arresting police officers. Therefore, Boone and the arresting officers asked Judge Sharp to require plaintiff to file an amended complaint.

On January 4, 1979, Judge Sharp entered an order in response to Boone's and the two police officers' motion for a more definite statement. In granting that motion, the district judge ordered plaintiff "to file an amended complaint stating specifically the time, place and exact conduct of each defendant that is claimed to be a constitutional violation." The court declined to rule on the motion to dismiss "since it in no way complies with Rule 7(b) of the local rules of court." (App. A–28.)

On January 15, the *pro se* plaintiff filed an amended complaint against the two John Doe policemen, stating on the form supplied him,

"Allegation 1 Both officers A/K/A John Doe denied requests of plaintiff to call attorney and beat plaintiff in order to coax a confession, all of which occurred within a detention unit 2/17/78 at Gary city jail.

"Allegation 2 On 2/17/78 at Gary city jail both officers A/K/A John Doe de-

nied plaintiff medical attention following beating plaintiff. Both officers A/K/A John Doe detained plaintiff unnecessarily without advisement of rights and without appearance before a judge.

"Allegation 3 Both officers A/K/A John Doe on 2/17/78 beat plaintiff, denied plaintiff to call attorney, and to be brought before a judge without unnecessary delay was denied plaintiff by above officers at the Gary city jail. These officers also denied to give plaintiff medical attention." (App. A–30.)

Eight days thereafter the two arresting officers asked the court to set aside the service of summonses and to dismiss the amended complaint against them because copies of the summonses and amended complaint had been served upon the Gary Police Department rather than at their dwelling houses or usual places of abode. Two days later, Judge Sharp set aside the service of the summonses and dismissed the action as to the "John Doe" defendants, *viz.*, the two arresting officers, stating that:

" 'Doe' pleading is not permitted by Federal Rules of Civil Procedure and that accordingly, said 'Doe' defendants are entitled to be dismissed and are stricken from the plaintiff's Amended Complaint." (App. A–34.)

A few days later, Police Chief Boone requested the district court to dismiss the complaint as to him on the ground that plaintiff's amended complaint did not state "specifically the time, place and exact conduct of Charles Boone that is claimed to be a Constitutional violation" (App. A–35). In response, plaintiff wrote a letter to the court in which he stated that he alleged all that he knew and that his lack of counsel imperiled his efforts to be more specific as to Boone's conduct (App. A–38). Nevertheless, on February 20, Judge Sharp dismissed the complaint with respect to Boone "since no personal involvement is alleged or suggested" (App. A–39).

Finally, on May 4, the judge entered his last order on the consolidated cases, denying plaintiff's petition for appointment of coun-

sel and holding that the July complaint and the amended complaint did not state a claim against any defendant (App. A–40). The appeal is from that order. On October 19, this Court appointed counsel for plaintiff on appeal. After reviewing the various briefs and hearing oral argument, we reverse and remand the case.

### Standards for Determining Sufficiency of All Complaints

■ Including the amended complaint, plaintiff filed six civil rights actions on forms provided by the district court. In each complaint, he claimed that his constitutional rights had been violated, and his claims were supported with brief factual statements. As required by Rule 8(a)(2) of the Federal Rules of Civil Procedure each complaint contained "a short and plain statement of the claim showing that the pleader is entitled to relief." Such notice pleadings are sanctioned by the civil rules, with the pleadings to be "liberally construed." *Roberts v. Acres*, 495 F.2d 57, 58–59 (7th Cir. 1974). Evidentiary matters need not be pleaded (*Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978)) and it is a truism that *pro se* complaints are held to less stringent standards than those prepared by counsel. *French v. Heyne*, 547 F.2d 994, 996 (7th Cir. 1976).

### The Complaint Against Police Chief Boone

■ Applying the above standards to the complaints herein, we hold that they should not have been dismissed. The allegations that Boone denied plaintiff medical care and beat him plainly state claims. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251; *Davis v. Murphy*, 559 F.2d 1098, 1102 (7th Cir. 1977). If Boone did not personally beat plaintiff but was present when his officers beat him, or if Boone had ordered the beating, he would be liable. *Byrd v. Brishke*, 466 F.2d 6 (7th Cir. 1972); *McDonald v. State of Illinois*, 557 F.2d 596, 602 (7th Cir. 1977), certiorari de-

nied, 434 U.S. 966, 98 S.Ct. 508, 54 L.Ed.2d 453. The complaint against Boone is not based on a theory of *respondeat superior* but is adequate since it is based on his personal wrongdoing and "police behavior which is the product of * * * [his] active encouragement and direction * * * or as a result of * * * mere acquiescence in such behavior." *Hampton v. Hanrahan*, 600 F.2d 600, 626–627 (7th Cir. 1979). Also, if plaintiff was denied the right to call an attorney or was denied a right to have counsel present during his interrogation in Boone's custody, the Fifth, Sixth, and Fourteenth Amendments would be implicated. Consequently, the complaint against Boone was viable,[1] as defense counsel admitted at oral argument.

### Complaint Against Lake County Jail Physician

■ Plaintiff has claimed that the jail physician denied him medical care in violation of a court order (App. A–20). This allegation is also sufficient. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251.

### Complaint Against Deputy Sheriff Paulson

■ Paulson allegedly beat plaintiff and denied him the right to call an attorney. As seen from our discussion of the complaint against Boone, such allegations are sufficient to state a claim against Paulson. Likewise, if Paulson acted recklessly or knew of the danger of plaintiff's being beaten by fellow inmates and failed to react reasonably, he would be liable. *Little v. Walker*, 552 F.2d 193, 196–198 (7th Cir. 1977), certiorari denied, 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 530.

### The Complaints Against Arresting Officers No. 1 and No. 2

■ The amended complaint charged that two unknown officers beat plaintiff and denied him the right to call an attorney. These are actionable claims, as shown

---

1. It is immaterial that this *pro se* plaintiff did not name Boone in his amended complaint against the Doe defendant officers because he could reasonably conclude the original complaint against Boone was adequate as we have just held.

*supra.* The amended complaint also alleged that these two defendants beat him to procure a confession. This allegation is likewise actionable. *White v. Rochford*, 592 F.2d 381, 383–384 (7th Cir. 1979). In addition, plaintiff alleged that these defendants denied him the right "to be brought before a judge without unnecessary delay." Such a claim is actionable under the Fourth Amendment. *Gerstein v. Pugh*, 420 U.S. 103, 124–125, 95 S.Ct. 854, 868–869, 43 L.Ed.2d 54.

*Arresting Officers No. 1 and No. 2 Should Not Have Been Dismissed*

■ Judge Sharp dismissed the John Doe arresting officers on the ground that the service of summonses upon them in the Gary Police Department was insufficient under Rule 4(d)(1) of the Federal Rules of Civil Procedure.[2] In so holding, he relied on *Wiltsie v. California Department of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), and *Green v. United States*, 385 F.Supp. 641, 642 (S.D.Cal.1974), which necessarily followed the *Wiltsie* case in the same circuit.[3] We disagree with those authorities because the use of fictitious names for defendants has been routinely approved even without discussion. See, *e. g., Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619.[4] Here both officers were represented by counsel and their names were surely in the arrest records, so that their names should have been divulged in order to reach the merits of Maclin's claims. Indeed at oral argument defense counsel admitted that Judge Sharp could readily have told Chief Boone to supply the missing names.

As *Bivens* and the cases collected in note 4 recognize, when, as here, a party is ignorant of defendants' true identity, it is unnecessary to name them until their identity can be learned through discovery or through the aid of the trial court. In this case, since the *pro se* plaintiff was denied counsel by the district court, he could hardly be expected to discover the names of the arresting officers through the discovery route. Therefore, the district judge should have ordered their disclosure, as in *Southern Methodist University Ass'n v. Wynne and Jaffe*, 599 F.2d 707, 710, 712–713 (5th Cir. 1979), or else plaintiff should have been permitted to obtain their identity through limited discovery. See *Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir. 1979); *Gordon v. Leeke*, 574 F.2d 1147, 1152–1153 (4th Cir. 1978), certiorari denied, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431.[5] Once their

2. Rule 4(d)(1) provides as follows:
   "RULE 4(d) SUMMONS: PERSONAL SERVICE. The Summons and Complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:
   "(1) Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."

3. Judge Sharp also relied on *Linebarger v. Williams*, 77 F.R.D. 682, 685 (E.D.Okl.1977), but it too relied on the *Wiltsie* case and other cases from the Ninth Circuit for its dictum that pleadings in which the defendants are not identified by name will not suffice. The actual holding in *Linebarger* was that Daniels and Sorrells should be dismissed because no specif-

ic acts on the part of those defendants were alleged.

4. Other cases allowing Doe pleadings include: *Spock v. United States*, 464 F.Supp. 510, 518 (S.D.N.Y.1978); *Keno v. Doe*, 74 F.R.D. 587, 588–589 n.2 (D.N.J.1977), affirmed, 578 F.2d 1374 (3d Cir. 1978); *Lowenstein v. Rooney*, 401 F.Supp. 952, 960 (E.D.N.Y.1975); *Boyd v. Gullett*, 64 F.R.D. 169, 173 (D.Md.1974), and *Holloway v. Pacific Indemnity Company, Inc.*, 422 F.Supp. 1036, 1041 (E.D.Mich.1976). *Lowenstein* was summarized with apparent approval in 3A Moore's Federal Practice (2d ed.) ¶ 20.07[1] n.2.

5. Otherwise Judge Sharp could emulate the course of action adopted by the district court in *Bivens*. There the court ordered that the complaint be served upon those federal agents shown by the records of the United States Attorney to have participated in the November 25, 1965, arrest of the petitioner. This resulted in service upon five agents. See 403 U.S. at 390, n.2, 91 S.Ct. at 2001 n.2.

names were divulged, proper service could be made pursuant to Rule 4(d)(1).

*Sassi v. Breier*, 584 F.2d 234 (7th Cir. 1978), on which Arresting Officers 1 and 2 rely (Br. 7), is no bar because there the unidentified members of the Milwaukee Police Department had no notice of the action until served with copies of the amended complaint which named them after the statute of limitations had run. Here there is no statute of limitations problem. Moreover, in that case, we did not condemn Sassi's use of John Doe defendants in the original complaint. Consequently, *Sassi* does not support the position of the two arresting officers sued by Maclin.[6]

REVERSED AND REMANDED.

**6.** Similarly, our opinion in *United States ex rel. Lee v. People of the State of Illinois* (miscited by defendants as *United States v. Statler* ), 343 F.2d 120 (7th Cir. 1965), does not compel affirmance because in that case there was no attempt to serve the unnamed defendants. Here service of summonses and copies of the complaint upon Arresting Officers Nos. 1 and 2 had been attempted by leaving copies for them with the Gary Police Department.

In *Nugent v. Sheppard*, 318 F.Supp. 314 (N.D.Ind.1970), also relied upon by defendants, as in *Lee, supra*, there was no attempt to serve the unnamed "Others" with process, and the complaint itself showed that only defendant Sheppard had participated in the claimed beating, so that the complaint was properly dismissed as to the others.

In *Wood v. Worachek*, 437 F.Supp. 107 (E.D. Wis.1977), Judge Reynolds had granted plaintiff's motion to file an amended complaint to name Doe defendants. Plaintiff's amended complaint did name four police officers as those defendants. The district court dismissed the amended complaint against them solely on the statute of limitations ground, as in *Sassi, supra*.