Warren A. WASHINGTON, Plaintiff,

v.

Thomas R. ISRAEL, Gerald Heeringa, Charles Benford, Elmer O. Cady, Defendants.

No. 81–C–15.

United States District Court, E. D. Wisconsin.

May 18, 1981.

---

Warren A. Washington, pro se.

Bronson C. LaFollette, Wis. Atty. Gen. by Steven C. Underwood, Madison, Wis., for defendants.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff, proceeding pro se, has filed an action against certain prison officials for declaratory and injunctive relief. Liberally construing the allegations of the plaintiff's pro se pleading, Mr. Washington claims due process violations in connection with a disciplinary proceeding undertaken against him, which resulted in the imposition of a substantial period of program segregation. It also allegedly caused his being placed on "two-man escort" status, which is a security practice whereby an inmate is handcuffed to his cell while a restraint belt is attached to his waist prior to movement about the institution. The complaint also alleges an eighth amendment violation in the handcuffing of the inmate to his cell prior to placement of the waist restraint. The defendants have moved to dismiss for failure to state a claim.

The motion will be denied. Mr. Washington's allegations regarding deficiencies in the disciplinary proceeding and resulting conduct report state a claim for violation of due process. *See Chavis v. Rowe*, 643 F.2d 1281 at 1285–1288 (7th Cir. 1981). The plaintiff's failure to name the individuals on the disciplinary committee is not grounds for dismissal because the injunctive relief that the plaintiff seeks—setting aside the action of the disciplinary committee—can be obtained from the named defendants. The defendants' reliance on *Adams v. Pate*, 445 F.2d 105 (7th Cir. 1971), is misplaced because the plaintiff has not sued for damages and also because the court of appeals for the seventh circuit has recently limited the reach of that decision. *See Duncan v. Duckworth*, 644 F.2d 653 at 655–56 (7th Cir. 1981); *Maclin v. Paulson*, 627 F.2d 83, 87–88 (7th Cir. 1980).

The plaintiff's claim that he was placed on two-man escort status without a hearing states a claim under the due process clause; whether such a hearing is required cannot be determined on the basis of the record before me. See *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Chavis v. Rowe, supra.*

Finally, whether the handcuffing of which the plaintiff complains constitutes cruel and unusual punishment or whether it is a valid security measure presents a question of fact. *See Chavis v. Rowe, supra,* 643 F.2d at 1290–1291.

Therefore, IT IS ORDERED that the motion of the defendants to dismiss be and hereby is denied.