69 F.3d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael Winston GOLDMAN, Plaintiff-Appellant,
v.
COLORADO TERRITORIAL CORRECTIONAL FACILITY; Limon
Correctional Facility; Robert J. Furlong; Aristedes
Zavaras, Director, Doc; Ben Griego; D. Lawson, Medical
Supervisor; Benny Johnson, Warden, Defendants-Appellees.
 No. 95-1189.
 D.C. No. 94-N-1632.
 United States Court of Appeals, Tenth Circuit.
 Nov. 9, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 ORDER AND JUDGMENT[1]
 EBEL, Circuit Judge.
 
 
 1
 Plaintiff-Appellant Michael Winston Goldman, appearing pro se, appeals the district court's order dismissing his civil rights complaint with prejudice.[2] Goldman contends that the district court erred in approving the magistrate judge's conclusion that Plaintiff failed to allege that Defendants--various employees of the Colorado Department of Corrections ("CDC")--were personally involved in committing alleged constitutional violations. For the reasons set forth below, we AFFIRM the judgment of the district court.
 
 I.
 
 2
 Plaintiff is an inmate who is paraplegic and confined to a wheelchair. He alleges that he was moved to the Colorado Territorial Correctional Facility ("Territorial") on October 10, 1991, where he broke both his left and right foot on separate occasions while attempting to open doors with them. He claims that he failed to receive proper medical attention after breaking his right foot, and that officials were unresponsive to a grievance he filed concerning the cellhouse doors. On December 14, 1993, Plaintiff was transferred to the Limon Correction Facility ("Limon"). He claims that Limon officials denied his requests for a shower wheelchair until after he was injured in the shower, and that officials failed to provide a bed and mattress appropriate for his handicap even after he was seriously injured from falling out of his bed. Finally, Plaintiff was transferred to Fremont Correctional Facility on Sept. 17, 1994 ("Fremont"). There, he alleges problems with obtaining medical supplies and general inconduciveness to individuals in wheelchairs.
 
 
 3
 Limon is a higher security facility than Territorial and Plaintiff alleged that he was in greater danger at Limon. Although Plaintiff was originally classified at a minimum security level, his classification later was changed to medium security. Plaintiff claims that the change was "punishment" for complaining about prison conditions.
 
 
 4
 Plaintiff brought this action pro se and pursuant to 42 U.S.C.1983 against the Limon facility, Benny Johnson (warden of Territorial), Robert J. Furlong (warden of Limon), D. Lawson (medical supervisor at Limon), Aristedes Zavaras (executive director of CDC) and Ben Griego (classifications officer for CDC).[3] He alleged that Defendants violated: (1) his Eighth Amendment right to be free from cruel and unusual punishment by being deliberately indifferent to his handicap during his incarceration at the three facilities; and (2) his Fourteenth Amendment right to due process of law by wrongly reclassifying and transferring him. He sought $21 million in damages for physical and emotional injury. The magistrate judge dismissed the action on the grounds that Plaintiff failed to allege that Defendants personally participated in a deprivation of his constitutional rights. The district court affirmed. We now affirm, but do so on different grounds regarding Plaintiff's alleged Fourteenth Amendment violations.[4]
 
 II.
 
 5
 We review de novo the district court's grant of a motion to dismiss. Hunt v. Bennett, 17 F.3d 1263, 1265 (10th Cir.1994). A motion to dismiss is appropriate only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief. Coosewoon v. Meridian Oil Co., 25 F.3d 920, 924 (10th Cir.1994). While we review pro se pleadings under a liberal standard, we will uphold the dismissal of a pro se complaint if the facts alleged, even if true, cannot provide a basis for relief. Estelle v. Gamble, 429 U.S. 97, 106 (1976).
 
 A. Eighth Amendment Violation
 
 6
 State officials are not liable under Section 1983 unless the plaintiff alleges that the official "directly and personally participate[d] in conduct under color of state law which deprives plaintiffs of rights, privileges and immunities secured them by the United States Constitution." Linebarger v. Williams, 77 F.R.D. 682 (E.D.Okla.1977). The Tenth Circuit has applied this rule consistently to dismiss claims when the plaintiff fails to allege the official personally participated in the alleged constitutional violation. See, for example, Mee v. Ortega, 967 F.2d 423, 430-31 (10th Cir.1992); Bennett v. Passic, 545 F.2d 1260 (10th Cir.1976); Cortese v. Black, 838 F.Supp. 485, 496 (D.Colo.1993).
 
 
 7
 In the present case, Plaintiff's only allegation of personal participation relates to Lawson, the Limon medical supervisor.[5] Plaintiff alleges that Lawson accepted Plaintiff's transfer with knowledge that the Limon facility could not meet Plaintiff's medical needs. This allegation is insufficient to state an Eighth Amendment claim. See Gregg v. Georgia, 428 U.S. 153, 173 (1976) (describing an Eighth Amendment violation as conduct which involves "the unnecessary and wanton infliction of pain....").[6]
 
 
 8
 Plaintiff's only allegation regarding the Limon facility is that the facility "is in violation" of the Eighth and Fourteenth amendments. Plaintiff fails to allege that the facility's employees violated his constitutional rights pursuant to a policy or custom. See Monell v. Department of Social Services, 436 U.S. 658 (1978). We therefore dismiss the complaint against Limon.
 
 B. Fourteenth Amendment Violation
 
 9
 In contrast to his Eighth Amendment claim, we find that Plaintiff did allege that Defendants Zavaras and Griego participated in the decision to transfer him to Limon. See Complaint at 4 (stating that order for transfer "came from" Zavaras and Griego). However, Plaintiff's claim nevertheless fails because Colorado law does not create a liberty interest in either a change in a prisoner's security classification or a prisoner's transfer from one prison to another.[7] See Deason v. Kautzky, 786 P.2d 420, 422 (Colo.1990) (en banc); Andretti v. Johnson, 779 P.2d 382 (Colo.1989) (en banc). "That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules." Meachum v. Fano, 427 U.S. 215, 225 (1976).
 
 III.
 
 10
 For the foregoing reasons, we AFFIRM the judgment of the district court. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 The caption to the cover page of the Record of Appeal names the Territorial facility as a Defendant to this action. However, Plaintiff did not name Territorial as a Defendant in either his complaint or amended complaint, and has not asserted any substantive grounds for Territorial's liability. We therefore dismiss any claims against Territorial
 
 
 [4]
 The magistrate judge considered only Plaintiff's arguments relating to inadequate medical conditions at the prisons. However, because Plaintiff raised in his complaint that his reclassification and transfer was improper and he raises those issues on appeal as well, we will now consider these arguments
 
 
 [5]
 Although Plaintiff does provide some detail of various prison employees denying him medical assistance, he failed to allege that any of the named Defendants were specifically involved in any incident. For example, he details a physician assistant's denial of attention to a broken foot. See Plaintiff's Objection to Recommendation of United States Magistrate Judge at 2, paragraphs 6-7. However, this assistant is not a Defendant in this action. Furthermore, the Defendants as supervisors cannot be held liable for the actions of their subordinates because Plaintiff did not allege "personal direction or ... actual knowledge and acquiescence" of the medical staff's activities. See Woodward v. City of Worland, 977 F.2d 1392, 1400 (10th Cir.1992)
 
 
 [6]
 Plaintiff suggests that Defendants violated the Americans with Disabilities Act, 42 U.S.C. 12101 et seq. However, because Plaintiff did not allege ADA violations in his complaint or amended complaint, the present cause of action arises only under Section 1983. Furthermore, because we dismiss Plaintiff's Section 1983 claim for failure to allege personal participation, we need not decide whether a plaintiff may allege a Section 1983 claim based on a violation of the ADA. See Middlesex County Sewerage Authority v. National Sea Clammers Ass'n, 453 U.S. 1 (1981) (holding that plaintiffs cannot use Section 1983 to enforce statutes that explicitly or implicitly preclude Section 1983 litigation); Pennhurst State School and Hospital v. Halderman, 451 U.S. 1 (1981) (requiring that a statute create substantive rights rather than merely declare policy)
 
 
 [7]
 Plaintiff argues on appeal that Defendants violated the Fourteenth Amendment by not providing notice and a hearing regarding his transfer and reclassification. However, because Plaintiff in his complaint alleged merely that his reclassification and transfer was improper--not that the state failed to comply with established procedures--we will not consider this argument because it was not properly raised below