**Ronald ALLISON, Plaintiff,**

v.

**UTAH COUNTY CORPORATION, et al., Defendants.**

No. 2:03CV–632 PGC.

United States District Court, D. Utah, Central Division.

Sept. 14, 2004.

Mr. Jesse C. Trentadue, Esq., Suitter Axland, Salt Lake City, UT, Allan L. Larson, Esq., Snow, Christensen & Martineau, Salt Lake City, UT, for defendants.

Ronald Allison, Springville, UT, pro se.

**MEMORANDUM & ORDER**

CASSELL, District Judge.

Plaintiff filed suit under 42 U.S.C. § 1983 against Utah County Corporation, Springville

City Corporation, Detective Dean Petterson, and Deputy County Attorney Sherry Ragan[1] alleging that they violated his Fourth Amendment rights. Plaintiff served an individual by the name of Randy Hall with a copy of the summons and complaint, even though Mr. Hall is not named as a defendant in the complaint.[2] Mr. Hall has specially appeared and filed a Motion to Quash Service of Summons and Complaint, or in the Alternative, to Dismiss Complaint. (Dkt.# 7.) Plaintiff has not filed an opposition to the motion.

 Mr. Hall is named as a defendant in the summons. However, he is not named as a defendant in the caption of the complaint, in the section identifying the defendants, or anywhere in the body of the complaint. Mr. Hall notes that Rule 4(a) of the Federal Rules of Civil Procedure provides that the summons shall "be directed to the *defendant.*" (Emphasis added). Further, under Rule 10(a), the title of the complaint "shall include the names of all the parties." *Coe v. United States Dist. Court for the Dist. of Colo.,* 676 F.2d 411, 414 (10th Cir.1982). If Plaintiff intended that Mr. Hall be a defendant in this case, he has failed to comply with Rule 10(a). *See also Linebarger v. Williams,* 77 F.R.D. 682, 685 (E.D.Okla.1977)(stating that "pleadings in which the defendants are not identified by name will not suffice," and collecting cases). Since Mr. Hall is not named as a defendant in the complaint, the court will quash service upon him.

Mr. Hall also contends that the complaint directed to him should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Dismissal under Rule 12(b)(6) is appropriate where it is apparent that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In order to maintain a claim under section 1983, a plaintiff must allege facts sufficient to show that the defendant deprived him of a federally protected right while acting under color of state law. The defendant must have personally participated in the alleged deprivation. *See Durre v. Dempsey,* 869 F.2d 543, 548 (10th Cir. 1989); *Meade v. Grubbs,* 841 F.2d 1512, 1527–28 (10th Cir.1988). Further, even a pro se plaintiff has the burden of alleging sufficient facts upon which a recognized legal claim could be based. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991); *Riddle v. Mondragon,* 83 F.3d 1197, 1202 (10th Cir. 1996). Plaintiff has not alleged any facts against Mr. Hall upon which a claim could be based.

Courts "have consistently held that, where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *Estate of Morris v. Dapolito,* 297 F.Supp.2d 680, 688 (S.D.N.Y.2004)(quoting *Morabito v. Blum,* 528 F.Supp. 252, 262 (S.D.N.Y.1981)); *accord Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir.1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."); *Linebarger,* 77 F.R.D. at 684–85; *"Child" v. Beame,* 417 F.Supp. 1023, 1025 (S.D.N.Y.1976). Since the complaint fails to name Mr. Hall as a defendant in the caption, does not name him in the body of the complaint, and contains no allegations against him whatsoever, the complaint should be dismissed as to him.

### ORDER

Randy Hall's motion to dismiss (Dkt.# 7) under Fed.R.Civ.P. 12(b)(6) is GRANTED, and service on him is quashed.

---

1. In the complaint, Plaintiff misspelled Defendant Ragan's name as "Regan." The court has used the correct spelling in this Order.

2. See Exhibit A to Memorandum in Support of Randy Hall's Motion to Quash or, in the Alternative, to Dismiss Complaint. (Dkt.# 8.)