In re Alfred A. ALLARD, Debtor.

The GREAT SOUTHERN CO. and Great Entertainment Merchandise, Inc., Plaintiffs,

v.

Alfred A. ALLARD and Sharon A. Allard, Defendants.

Bankruptcy No. 95 B 13935.
Adv. No. 96 A 00467.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

July 18, 1996.

Laurence H. Kallen, Foster & Kallen, Chicago, IL, for Great Southern Company and Great Entertainment Merchandise, Inc., Plaintiffs.

Richard G. Larsen, Myler, Ruddy & McTavish, Aurora, IL, for Alfred A. Allard and Sharon A. Allard, Defendants.

### MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the motion to dismiss filed by Alfred A. Allard and Sharon A. Allard (the "Defendants"), pursuant to Federal Rule of Bankruptcy Procedure 7012(b), by which they seek a dismissal with prejudice of the complaint filed by The Great Southern Co. and Great Entertainment Merchandise, Inc. (the "Plaintiffs"). For the reasons stated herein, the Court holds that the Plaintiffs lack standing under 11 U.S.C. § 544(b) to invoke a bankruptcy trustee's avoidance power. Thus, the Court grants the motion and dismisses the complaint, but without prejudice.

### I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(H).

### II. FACTS AND BACKGROUND

The relevant facts and background of this matter are contained in prior Opinions of the Court. See In re Allard, 196 B.R. 402 (Bankr.N.D.Ill.1996); In re Allard, Nos. 95 B 13935, 96 A 00467, 1996 WL 325566 (Bankr. N.D.Ill. May 28, 1996). In the present motion, the Defendants move to dismiss with prejudice the Plaintiffs' complaint which seeks to avoid the 1992 prepetition transfer of the Defendants' home into an Illinois tenancy by the entireties as a fraudulent transfer. The complaint alleges that the subject transfer was made with actual intent to defraud the Plaintiffs, who are judgment creditors of Alfred A. Allard, not Sharon A. Allard. The complaint invokes the avoidance powers contained in § 544, coupled with the

Illinois version of the Uniform Fraudulent Transfer Act, 740 ILCS 160/1 et seq.

### III. APPLICABLE STANDARDS

■ The motion to dismiss is brought under Federal Rule of Bankruptcy Procedure 7012(b), which incorporates by reference Federal Rule of Civil Procedure 12. For the Defendants to prevail on the motion to dismiss, it must clearly appear from the pleadings that the Plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); Meriwether v. Faulkner, 821 F.2d 408, 411 (7th Cir.), cert. denied, 484 U.S. 935, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987). The Seventh Circuit has emphasized that "[d]espite their liberality on pleading matters ... the federal rules still require that a complaint allege facts that, if proven, would provide an adequate basis for each claim." Gray v. County of Dane, 854 F.2d 179, 182 (7th Cir.1988). It is well established that alleging mere legal conclusions, without a factual predicate, is inadequate to state a claim for relief. Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir.1981), aff'd, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). Moreover, the Court must take as true all well pleaded material facts in the complaint, and must view these facts and all reasonable inferences which may be drawn from them in a light most favorable to the Plaintiffs. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984); Ed Miniat, Inc. v. Globe Life Ins. Group, Inc., 805 F.2d 732, 733 (7th Cir.1986), cert. denied, 482 U.S. 915, 107 S.Ct. 3188, 96 L.Ed.2d 676 (1987). The issue is not whether the Plaintiffs will ultimately prevail, but whether they have pleaded a cause of action sufficient to entitle them to offer evidence in support of their claim. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

■ Under federal "notice" pleading requirements, pleadings need contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a) (made applicable to this adver-

sary proceeding by Fed.R.Bankr.P. 7008). *See Ricketts v. Midwest Nat'l Bank,* 874 F.2d 1177, 1183 (7th Cir.1989). "Notice" pleading merely requires that the plaintiff give notice to the defendant of the theory behind claims alleged and the basic facts supporting those allegations. *Maclin v. Paulson,* 627 F.2d 83, 86 (7th Cir.1980). Federal pleadings should therefore be liberally construed. *Sutliff, Inc. v. Donovan Cos.,* 727 F.2d 648, 653 (7th Cir.1984). So far as fair notice has been given and the Court can glean an actionable claim from the complaint, the Court must entertain the party's case. *American Nurses' Ass'n v. Illinois,* 783 F.2d 716, 723 (7th Cir.1986). "A complaint under Rule 8 limns the claim; details of both fact and law come later, in other documents. Instead of asking whether the complaint points to the appropriate statute, a court should ask whether relief is possible under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G. (Zurich),* 953 F.2d 1073, 1078 (7th Cir.1992) (citations omitted). Motions to dismiss are not viewed favorably by the courts and are rarely granted. *Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund,* 25 F.3d 417, 420 (7th Cir.1994).

■ When a party alleges fraudulent activity in federal pleadings, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b) (as made applicable by Fed.R.Bankr.P. 7009)). Rule 9(b) should nevertheless still be read in conjunction with Rule 8(a). *Rezin v. Barr (In re Barr),* 188 B.R. 565, 570 (Bankr. N.D.Ill.1995) (citing *People v. Volpert (In re Volpert),* 175 B.R. 247, 258 (Bankr.N.D.Ill. 1994)). When alleging fraud in a complaint, it is only necessary to set forth the basic outline of fraud and to indicate who made the misrepresentations, and the time and place the misrepresentations were made. *Vicom v. Harbridge Merchant Servs., Inc.,* 20 F.3d 771, 777 (7th Cir.1994); *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir.1990). However, mere conclusory allegations without a description of the underlying fraudu-

lent conduct will not satisfy the requirements of Rule 9(b) and may warrant dismissal. *Veal v. First Am. Sav. Bank,* 914 F.2d 909, 913 (7th Cir.1990).

## IV. DISCUSSION

■ Generally, individual creditors are not empowered to use the trustee's avoiding powers either for their own benefit or for the benefit of the estate, not even to attack transfers the creditors could have avoided under state law because of harm to them personally. *See In re Xonics Photochemical, Inc.,* 841 F.2d 198, 202–03 (7th Cir.1988) (actions under §§ 544(b) and 548(a) belong to the trustee or debtor in possession and a creditor cannot pursue them); *In re Martin,* 124 B.R. 69, 72 (N.D.Ill.1991) ("Without permission from the bankruptcy court a creditor lacks standing to initiate actions to avoid fraudulent conveyances."); 1 D. Epstein, S. Nickles & J. White, *Bankruptcy* § 6–2 at 503–04 n. 24 (1992) (collecting cases).

The Plaintiffs counter that the avoidance power of § 544(b), which is based on state fraudulent conveyance law, is in addition to and independent of the trustee's avoidance power based on the fraudulent conveyance provisions in § 548. The Plaintiffs also argue that the Chapter 13 Standing Trustee has declined the request of Great Southern to pursue the action, but has no objection to Great Southern pursuing it. The Defendants cite *Committee of Unsecured Creditors v. Monsour Medical Center (In re Monsour Medical Center),* 5 B.R. 715 (Bankr.W.D.Pa. 1980) for the proposition that implied authority of creditors to sue to benefit the estate when a representative of the estate refuses to act is an important creditor protection.[1]

■ The Defendants rely on *Lilly v. FDIC (In re Natchez Corp. of West Virginia),* 953 F.2d 184 (5th Cir.1992) for the point that the avoiding powers of a bankruptcy trustee are not available to an individual creditor. *Natchez* is not exactly on point because it involved an avoidance action grounded in

---

1. *Monsour Medical Center* is distinct from the matter at bar. There, the court entered an order authorizing a Chapter 11 creditors' committee to bring avoidance actions under §§ 547(b) and 548. The committee was found to have implied authority to so proceed where the debtor in possession had not acted.

Section 549 of the Bankruptcy Code, not § 544 as in the matter at bar. *Id.* at 186. *Natchez* noted that its holding does not foreclose a creditor from ever invoking § 549. *Id.* at 187. A creditor may do so on behalf of the trustee or debtor in possession if it has moved the bankruptcy court for authorization to do so and has shown appropriate circumstances which would permit such action. *Id.* (citations omitted). In the instant matter, the Plaintiffs did not request or obtain authorization from the Court to utilize the relevant avoidance powers statutorily vested in the trustee. At this juncture, not having first sought and received leave of the Court to file this adversary proceeding, the Plaintiffs lack the requisite standing required by *Xonics* and *Martin.* Accordingly, the Defendants' motion is procedurally well founded.

■ Next, the Court will discuss the substantive ground of the motion. The Defendants cite *E.J. McKernan Co. v. Gregory,* 268 Ill.App.3d 383, 205 Ill.Dec. 763, 643 N.E.2d 1370 (2d Dist.1994), *appeal allowed,* 161 Ill.2d 525, 208 Ill.Dec. 358, 649 N.E.2d 414 (1995), *dismissed with prejudice,* No. 78487 (May 23, 1995) for the proposition that the only reported decision by an Illinois state appellate court has held it is not fraudulent to transfer homestead real property into tenancy by the entirety even after a creditor has obtained a judgment. *McKernan* did not implicate the relationship between the bankruptcy avoidance powers of § 544(b) and Illinois' version of the Uniform Fraudulent Transfer Act. *McKernan* held that "it simply cannot be fraudulent to engage in conduct that is specifically and unambiguously sanctioned by statute." 268 Ill.App.3d at 390, 205 Ill.Dec. at 767–68, 643 N.E.2d at 1374–75. "There are no limitations or qualifications on the use of the tenancy, other than that the real property be held by a married couple during coverture and that the property be the couple's 'homestead.'" *Id.*

The *McKernan* court found there was no conflict between the Illinois tenancy by the entirety statutes and the Illinois version of the Uniform Fraudulent Transfer Act. The court noted that the Illinois General Assembly could not have been unaware that some married persons might seek shelter from individual creditors (of one spouse) by use of tenancy by the entirety, yet saw fit to approve of it in spite of organized opposition. The *McKernan* court concluded that the only purpose and practical use of the tenancy was to protect married persons from losing their primary residences by sheltering it from creditors of one spouse. This result mirrors the policy behind the Illinois homestead exemption. *See* 735 ILCS 5/12–901. *McKernan's* analysis concludes that because the relevant statutes do not conflict, compliance with the conveyancing requirements of the tenancy by the entirety statutes precludes a complaining creditor from maintaining a facially viable action under the Uniform Fraudulent Transfer Act, and possibly proving all essential elements for a cause of action at trial for avoidance of the transfer as a matter of law.[2]

Statutory construction is an imperfect art at best, and the difficulty is only exacerbated when there is a virtual absence of meaningful legislative gloss, as here. As a result, the Court cannot begin to speculate at what might have been in the collective legislative minds of the Illinois General Assembly when they enacted the tenancy by the entirety statutes in light of the then existing fraudulent transfer statutes. The *McKernan* court assumed that the Illinois General Assembly was aware of the problems that could result when the operation of the statutes intersected. Surely had the type of dispute present here been actually contemplated, an appropriate proviso could have been drafted in one statute to make it relatively clear whether or not Illinois tenancies by the entirety would be exempt from the operation of the statutes providing for avoidance of fraudulent transfers.[3] The lack of any legislative guidance,

---

**2.** The *McKernan* court briefly discussed, but did not apply, the rule of "repeal by implication" wherein a later-enacted statute repeals an earlier statute which conflicts. *McKernan* found no conflict to exist between the Illinois tenancy by the entirety and fraudulent transfer statutes.

268 Ill.App.3d at 389–90, 205 Ill.Dec. at 767, 643 N.E.2d at 1374.

**3.** If so, would only transfers made with actual intent to defraud be exempt from avoidance as fraudulent transfers? Would those found to be

coupled with the absence of a full record of all the relevant evidence of the surrounding facts and circumstances of the subject transfer at bar, makes the Court's job all the more difficult. Contrary to the assumption made in *McKernan,* it is equally plausible to speculate that the General Assembly gave no consideration to the effect on parties at points where the two statutes might intersect in their operations.

In addition, the sparse judicial gloss provided by *McKernan* adds to the uncertainty. Federal courts are bound to state court precedents in interpreting state law. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Where the state supreme court has not ruled on an issue, decisions of intermediate state courts generally control unless there are persuasive indications that the highest state court would decide the issue differently. *L.S. Heath & Son, Inc. v. AT & T Information Sys., Inc.,* 9 F.3d 561, 574 (7th Cir.1993) (citing *Hicks v. Feiock,* 485 U.S. 624, 630 n. 3, 108 S.Ct. 1423, 1428 n. 3, 99 L.Ed.2d 721 (1988)); *cf. D'Acquisto v. Washington,* 640 F.Supp. 594, 619 (N.D.Ill.1986) (federal court in exercising diversity jurisdiction "is bound only the decisions of the state Supreme Court and by the direction that Supreme Court would take, not by the state appellate courts").[4] There is no clear indication of what the Illinois Supreme Court might have done in *McKernan* because the appeal was dismissed. As a result, *McKernan* is the only Illinois reported decision which strongly favors the Defendants' position. *McKernan* is not controlling, however, because it did not involve the bankruptcy avoidance power of § 544(b) or its use in conjunction with the Illinois version of the Uniform Fraudulent Transfer Act.

In the bankruptcy context, it is not an unheard of scenario, for example, for parties to a dissolving marriage to enter into a separation agreement providing for certain transfers of property between the spouses, which are made incidental to and often incorporat-

ed by reference into court approved decrees of divorce or judgments of dissolution made in accordance with state domestic relations statutes. *See, e.g.,* 750 ILCS 5/101 *et seq.* Sometimes when a transferor former spouse subsequently files bankruptcy, a case trustee might invoke the bankruptcy avoidance powers under §§ 548 or 544 (and also invoke state fraudulent transfer law via § 544(b)) to set aside the transfer to the non-bankruptcy transferee spouse as fraudulent in fact or as a matter of law such as made for inadequate consideration. *See, e.g., Cooper v. Osbourne (In re Osbourne),* 124 B.R. 726 (Bankr. W.D.Ky.1989). In this circuit under *In re Bundles,* 856 F.2d 815 (7th Cir.1988), prior to the United States Supreme Court's decision in *BFP v. Resolution Trust Corp.,* 511 U.S. 531, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994), regularly conducted foreclosure laws were sometimes avoided under the bankruptcy avoidance powers. *See Sims v. Talman Home Mortgage (In re Sims),* 112 B.R. 259 (Bankr.N.D.Ill.1990). *McKernan's* logic extended to its normal conclusion would preclude all avoidance actions attacking the creation of a tenancy by the entirety as a matter of law.

The Plaintiffs urge the Court to follow other courts which have held that debtors who transfer property into a tenancy by the entirety after being served with a creditor's complaint commit fraudulent transfers. *See, e.g., BMG Music v. Martinez,* 74 F.3d 87 (5th Cir.1996); *Meininger v. Miller (In re Miller),* 188 B.R. 302 (Bankr.M.D.Fla.1995); *Hyman v. Porter (In re Porter),* 37 B.R. 56 (Bankr.E.D.Va.1984); *Loeber v. Loeber (In re Loeber),* 12 B.R. 669 (Bankr.D.N.J.1981). These cases conclude that a transfer may violate a state's version of the Uniform Fraudulent Transfer Act solely because it converts non-exempt property into exempt property. *Accord Kapila v. Covino (In re Covino),* 187 B.R. 773 (Bankr.S.D.Fla.1995). Plaintiffs' cited cases are either inapposite or not controlling, despite the persuasive argu-

---

merely constructively or impliedly fraudulent as a matter of law be exempt? Would transfers for less than adequate consideration also be exempt? These questions cannot be answered from the statutory texts themselves nor from any relevant legislative gloss.

4. The Court is exercising its limited federal bankruptcy subject matter jurisdiction, not any diversity jurisdiction.

ments contained therein. *BMG Music* did not involve an intraspousal transfer to create a tenancy by the entirety, but involved a debtor's transfer to a sibling avoidable under Texas law. *Miller* concerned a Chapter 7 trustee's avoidance action grounded under § 544(b) and Florida's fraudulent transfer statute which successfully attacked transfers by the debtor as a tenant in common to himself and his wife as tenants by the entirety and transfers by those spouses as tenants by the entirety to the wife individually. *Porter* resulted from a removed creditor's suit in which the Chapter 7 bankruptcy was substituted and utilized both §§ 544(b) and 548 as well as Virginia's state fraudulent transfer statute, but not in the face of a state court holding there like *McKernan* here. Moreover, *Porter* was decided after the parties (and the court) had the benefit of a full record after trial on the merits. *Loeber* was an action brought by a former spouse of the debtor who, under a settlement agreement, was supposed to receive a mortgage on the subject parcel occupied by the debtor and his subsequent spouse, but instead sued to avoid the conveyance by the debtor and the subsequent spouse to themselves as tenants by the entirety which apparently insulated the property from sale by the debtor's bankruptcy trustee under applicable New Jersey law dealing with tenancy by the entirety property. *Covino* arose out of a Florida Chapter 7 trustee's objection to a debtor's claimed exemptions and avoidance actions concerning three separate transfers, none of which involved the creation of tenancy by the entirety to further insulate homestead property from claims of the debtor's creditor. Thus, the Plaintiffs' authorities in opposition to the motion are neither controlling nor completely persuasive.

Although the Defendants' motion is partially well founded, the Court is reluctant to dismiss the complaint with prejudice, and strictly apply the *McKernan* result without affording the Plaintiffs an opportunity to not only first seek proper leave to file such a complaint, but also, if granted, to factually allege with the specificity required by Federal Rule of Civil Procedure Rule 9(b) all the detailed grounds and particulars of the supposed actual fraud committed by the Defen-

dants. The complaint at bar merely conclusorily alleges the transfer to be actually fraudulent, without any factual particulars or other circumstances showing how Sharon's actions in being both a co-grantor and grantee in the deed of conveyance worked an actual fraud on the Plaintiffs, as Alfred's actions allegedly were after he had knowledge of the Plaintiffs' disputed claims against him.

## V. CONCLUSION

For the foregoing reasons, the Court grants the motion to dismiss, but without prejudice. This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.