Jose VALENTIN, Plaintiff–Appellant,

v.

David DINKINS, NYC Police Commissioner, Mario Cuomo, Defendants,

Donovan, NYC Police Officer, Defendant–Appellee.

No. 1621, Docket 96–2475.

United States Court of Appeals, Second Circuit.

Argued May 27, 1997.

Decided Aug. 5, 1997.

Shari L. Rosenblum, New York City (Douglas F. Broder, Coudert Brothers, on the brief), for Plaintiff–Appellant.

---

* The Honorable Charles S. Haight, Jr. of the United States District Court for the Southern District of New York, sitting by designation.

Margaret G. King, New York City (Paul A. Crotty, New York City Corporation Counsel, on the Brief), for Defendant–Appellee.

Before: VAN GRAAFEILAND and KEARSE, Circuit Judges, and HAIGHT, District Judge.*

PER CURIAM.

Plaintiff-appellant Jose Valentin appeals from an order of the United States District Court for the Southern District of New York (Michael B. Mukasey, *Judge* ) dismissing his civil rights action against defendant "Donavan, N.Y.C. Police Dept.," for Valentin's failure to follow the district court's order to provide a more detailed description of that defendant. We vacate the order of dismissal and remand for further proceedings.

## Background

The incident of which Valentin complains occurred on or about October 31, 1991. According to his filings with this Court, five months later Valentin was incarcerated in the Eastern District of Pennsylvania on unrelated charges and remains incarcerated today.

Valentin commenced this *pro se* action by motion seeking leave to proceed *in forma pauperis* on November 1, 1994 in the Eastern District of Pennsylvania. The entire factual section of the complaint, which named as defendants Mario Cuomo, David Dinkins, the New York City Police Commissioner and one "Donavan, N.Y.C. Police Dept.,"[1] was as follows:

> On or about October 31, 1991, I was accosted by N.Y.C. police Donavan [sic] and one other officer, the two officer [sic] proceeded to draw their guns without identifying themself [sic] as police, at which time I fled in my car, the officers gave chase and after I was involved in an accident, I was then accosted by the two people with drawn guns along with appoxiamately [sic] (5) five others and I was severely [sic] beaten by Donavan and his "partner."

---

1. According to plaintiff, "Donavan" is a phonetic rendition of the officer's name.

The case was transferred to the Southern District of New York and, on April 21, 1995, Valentin instructed the Marshals Service to serve defendants, stating that Donavan was to be served as follows: "[s]ervice is to be made upon the police officer who participated in the November 1, 1991 arrest of the Plaintiff. Post arrest investigation was conducted at the 42nd Street Precinct." Process, which was addressed to that precinct, was returned marked "undeliverable as addressed."

The City moved to dismiss the case against Dinkins and the Commissioner, but filed no motion on Donavan's behalf, as he had not been served. The Court conducted a pre-trial conference, at which only the City Defendants appeared. At the conference, the Assistant Corporation Counsel averred that she did not have sufficient information to identify the defendant police officer, and would not be able to do so without his shield number. The district judge stated that he would ask plaintiff to provide more identifying information regarding "Donavan", and directed the Corporation Counsel to send a copy of the conference's transcript to plaintiff.

In an order dated August 7, 1995, Judge Mukasey directed Valentin to provide "a more detailed description of defendant Donavan," failing which the Court expressed its intention to dismiss the case against the officer. The Judge also directed Valentin to respond to the City's motion.

In his response to the Court's order, dated September 25, 1995, Valentin included a section entitled "Identification of Defendant Donavan." He asserted that Donavan was an agent with the "Randall Island drug task force", and he could be identified by "police incident reports associated with Criminal Docket Number 91–NO–95751 ... in Criminal Court Part F." He further stated that his criminal case had been dismissed and sealed on December 23, 1991. Valentin appended a series of discovery requests to his memorandum. These included a set of interrogatories which stated that the incident in question had occurred between 10th and 11th Avenues and between 27th and 28th Street in the early morning hours of October 31, 1991, and asked defendants to state "[w]hat offi-cers/and or agents were in the area", as well as their rank, function, and identifying badge numbers. The City did not answer these interrogatories, taking the position in a letter to the district court that Valentin's response had not addressed any of the issues raised in its motion.

The district court granted defendants' motion to dismiss the case against Dinkins and the Commissioner, and the parties consented to dismissal of Cuomo. As to Donavan, in an order dated April 23, 1996, the district court held that Valentin had "failed to provide defendant's attorney with a more detailed description", and dismissed the complaint against him as well. The order made no mention of plaintiff's pending interrogatories, or of the information submitted by Valentin in response to the court's previous directive. Valentin moved for reconsideration, noting that in his response he had "provide[d] concrete dates upon which the Defendant may locate police reports and identif[ied] Criminal Docket No. 91–NO–95751 as the repository of all the charging instruments." The district court denied the motion by endorsement order, and this appeal followed.

This Court affirmed the dismissal of all defendants save for Donavan, and appointed *pro bono* counsel to represent Valentin on the remainder of his appeal. Valentin now argues that the district court abused its discretion in dismissing his complaint without considering his filings in opposition, and without assisting him in discovery.

In the alternative, Valentin argues that the district court should have granted him leave to amend his complaint so that he could have specified the proper defendant. In that regard, it is unclear from Valentin's brief what additional information is currently available to him; and at oral argument his counsel represented that Valentin had furnished all the particulars about Donavan's identity that he had in his possession. If further information is developed as the result of the remand we direct today, then Valentin may seek to amend his complaint to include it. We do not reach the question of whether such an amendment would relate back under Rule 15(c)(3), Fed.R.Civ.P., for statute of limitations purposes.

*Discussion*

██ Valentin construes the dismissal below as one for lack of prosecution under Fed.R.Civ.P. 41(b), and the City does not dispute that characterization.[2] Although such an order is reviewed for abuse of discretion, dismissal is "a harsh remedy to be utilized only in extreme circumstances." *Jackson v. City of New York*, 22 F.3d 71, 75 (2d Cir.1994) (citation and internal quotation marks omitted).

██ It is a general principle of tort law that a tort victim who cannot identify the tortfeasor cannot bring suit. *See Billman v. Indiana Dep't of Corrections*, 56 F.3d 785, 789 (7th Cir.1995)(Posner, C.J.). This rule has been relaxed, however, in actions brought by *pro se* litigants. *Id.* In a number of cases analogous to that at bar, appellate courts have found error in a trial court's refusal to assist a *pro se* plaintiff in identifying a defendant. This is particularly so where the plaintiff is incarcerated, and is thus unable to carry out a full pre-trial investigation. For example, in *Billman*, the Seventh Circuit reversed the *sua sponte* dismissal of a complaint because plaintiff had not referred to the defendant corrections officer by name. The court stated that plaintiff's "initial inability to identify the injurers is not by itself a proper ground for the dismissal of the suit," as this would "gratuitously prevent [plaintiff] from using the tools of pretrial discovery to discover the defendants' identity." *Id.; see also Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir.1980)(when "a party is ignorant of defendants' true identity, it is unnecessary to name them until their identity can be learned through discovery or through the aid of the trial court"). The Eighth and Ninth Circuits have adopted similar stances. *See Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir.1985)("Rather than dismissing the claim, the court should have ordered disclosure of Officer Doe's identity by other defendants named and served or permitted the plaintiff to identify the officer through discovery."); *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir.1980)("the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds"). This Circuit has stated that, in *Maclin,* the Seventh Circuit expressed "the preferable view." *Maggette v. Dalsheim*, 709 F.2d 800, 803 (2d Cir.1983).

██ Valentin's case provides a paradigmatic example of why discovery may be necessary before a defendant may be fully identified. Valentin alleges that a police officer assaulted him, the file of the case was thereafter sealed, and he went to prison, apparently on unrelated charges, some five months later. From his place of incarceration, it is hard to see what investigative tools would be at his disposal to obtain further information on Donavan's identity. *See Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 561 (7th Cir.1996)(plaintiff "was precluded from conducting a precomplaint inquiry because of his incarceration"). Nonetheless, he did provide the City with: the officer's surname; the unit to which he was assigned; the date and location of the incident in question; and the docket number of the case. In the face of this data, at least some inquiry should have been made as to whether such an officer exists and could readily be located.

██ The City contends that plaintiff could have carried out the necessary research in the period prior to the sealing of the case and his incarceration. Valentin asserts that the case arising out of the October 31, 1991 incident was dismissed, and the case file placed under seal on December 23, 1991. The problem with the City's argument is that the statute of limitations in this action under 42 U.S.C. § 1983 is three years, not fifty-three days (the time between the incident and the sealing of the file) or five months (the time between the incident and Valentin's incarceration). The City offers no reason

---

**2.** The Corporation Counsel's office has appeared for defendant-appellee Donavan on this appeal, although as counsel arguing the case observed, Donavan has not yet been served with process. We agree that the Corporation Counsel's participation in the case does not constitute a waiver of the service issue, or a general appearance on the part of that officer. In text we will refer to the positions taken by the Corporation Counsel's office as those of "the City."

why Valentin was required to telescope his pre-complaint investigation into a shorter time frame than the statute permits.

The City also argues that the information provided by Valentin would not allow it to discover the officer's identity, as police files are not organized by docket number, and the court file is "not a Departmental document." Appellee's Brief at 7. It is not apparent from the record that it would have been difficult, however, for the City to determine if there was an Officer Donavan in the unit identified, and if he filed any reports on the night in question. In any event, the district court never determined whether the information provided by Valentin was sufficient to discover Donavan's identify, or if plaintiff could have done so with limited further discovery.

■ In evaluating a Rule 41(b) dismissal, this Court considers five factors: 1) the duration of plaintiff's failures; 2) the notice plaintiff received of potential dismissal; 3) the prejudice that would accrue to defendant by further delay; 4) whether the district judge took care to balance the demands on his calendar with plaintiff's due process rights; and 5) whether the judge assessed the adequacy of lesser sanctions. *Jackson,* 22 F.3d at 74 (citation omitted). The City contends on Donavan's behalf that because the district court's order came four years after the alleged incident, further delay would prejudice Donavan in mounting a defense. Whatever the merits of this assertion, the other factors clearly weigh in plaintiff's favor. Although plaintiff received notice that his case would be dismissed if he did not identify Donavan, he was not told the steps he would need to take to comply with this order. Moreover, the case was dismissed less than eighteen months after the complaint was filed, and for all that appears from the district court's order of dismissal, the court did not balance plaintiff's right to due process.

In the light of these considerations, we think that the district court abused its discretion in dismissing the complaint against officer Donavan. Accordingly we vacate and remand the case to the district court for further proceedings consistent with this opinion. On remand, the district court should evaluate the plaintiff's interrogatories and the City's obligation to respond to them; consider the effect of the information provided by Valentin and any additional information generated by answers to his interrogatories; and enlist the assistance of the City in unsealing the case file if possible and to the extent necessary, a process which the City says it does not resist in principle. Moreover, the court might find it useful to continue the appointment of counsel who represented Valentin on this appeal, to assist in exploring these issues. *See Billman,* 56 F.3d at 790 (appointment of counsel is one possible approach for a district court to follow when a *pro se* complaint does not designate the appropriate defendant). This is not intended to be an exhaustive list. The district court may pursue any course that it deems appropriate to a further inquiry into the identity of officer Donavan.

This opinion is not intended to preclude a finding by the district court, after further inquiry, that the information available is insufficient to identify the defendant with enough specificity to permit service of process, so that dismissal of the complaint is warranted.

Vacated and remanded.

VAN GRAAFEILAND, Circuit Judge, concurring in part and dissenting in part:

Although I find it difficult to fault Judge Mukasey's actions in dismissing Valentin's complaint, I will go along with my colleagues' decision to reverse. However, in view of Valentin's questionably accurate and complete account of what happened in 1991 and the complete absence of any information concerning efforts made by Valentin in the six years that have elapsed since then to secure the information he now seeks, I am not prepared to ask Judge Mukasey to assume the role of the fictitious radio sleuth "Mr. Keen, Tracer of Lost Persons."

Like most other district judges, Judge Mukasey is overloaded with work. It would be unfair to both the Judge and the hundreds of other litigants seeking the benefit of his judi-

cial efforts to require him to undertake the task my colleagues assign to him.