Eon SHEPHERD, Plaintiff–Appellant,

v.

Captain SANCHEZ, Captain Grant, Warden Ortiz, Defendants–Appellees.

No. 00–0246.

United States Court of Appeals, Second Circuit.

Nov. 4, 2001.

Eon Shepherd, Elmira, NY, pro se.

Susan Choi–Hausman, Assistant Corporation Counsel, New York, NY, for appellees.

Present WALKER, Chief Judge, NEWMAN, and KEARSE, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is VACATED in part and AFFIRMED in part.

Plaintiff-appellant Eon Shepherd filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that Captain Sanchez, Captain Grant, and Warden Ortiz, officials at the Otis Bantum Correctional Facility where Shepherd was incarcerated, violated his First Amendment right to the free exercise of religion. The district court dismissed the complaint against Sanchez under Fed.R.Civ.P. 4(m) for failure to effect timely service. Shepherd submitted a timely process service request to the U.S. Marshals Service, but the Service failed to serve Sanchez because multiple officers at the jail had the name "Sanchez." The district court also granted the defendants' Rule 12(b)(6) motion to dismiss for failure to state a cause of action.

Shepherd adheres to the Rastafarian faith. His religious beliefs require that no one else touch his hair. In early April 1996, Shepherd was handcuffed during a

search of his cell. According to Shepherd's complaint, Captain Sanchez ordered an officer to remove the bandana from Shepherd's hair. Although Shepherd protested that he could not permit anyone else to touch his hair but would remove the bandana himself, the officer "grabbed [his] dread locks and removed the bandanna, lifting up and pulling at [his] dread locks. In the process of the officer pulling at [his] dread locks, one of [his] dread locks [was] snatched out of [his] head." Several days later, while Shepherd was being escorted to the jail's main clinic, he was stopped by a group of corrections officers who stated that he could not have a bandana around his dreadlocks. Shepherd alleges that he again offered to remove the bandana himself and said that no one else could touch his hair, but that "Captain Grant snatched my dread locks pulling off my bandana stating, 'Fuck you Shepherd, I run this jail, get the fuck out of my face with that religious bull shit.'" Shepherd's complaint implicates Warden Ortiz in the incidents solely by alleging his "controlling interest" in the prison officials' actions.

██ The district court's decision to dismiss the claim against Sanchez for Shepherd's failure to effect timely service was error. *Pro se*, incarcerated litigants proceeding *in forma pauperis* are "entitled to rely on service by the U.S. Marshals." *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir.1986) (citation omitted). A single effort to serve, abandoned after discovering that multiple officers have the same last name, did not satisfy the Marshals Service's responsibility. On remand, the district court should permit service out of time and make such orders as it deems appropriate to facilitate proper service of defendant Sanchez. *See Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir.1997) (per curiam).

██ We review dismissals under Fed. R.Civ.P. 12(b)(6) de novo. *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir.1998). All facts alleged in the complaint are taken as true. *Id.* Furthermore, *pro se* pleadings are construed liberally and as raising "the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir.1996) (internal quotation marks omitted). Although the complaint on its face focuses on the touching of Shepherd's hair, it can be read to allege that the corrections officers pulled out portions of Shepherd's dreadlocks. Circuit precedent holds that a policy requiring haircuts of all male inmates upon incarceration violates the free exercise rights of Rastafarians. *Benjamin v. Coughlin*, 905 F.2d 571, 576–77 (2d Cir. 1990). Because the extension of *Benjamin* to corrections officers pulling out dreadlocks is straight-forward, dismissal for failure to state a cause of action was inappropriate.

██ The district court correctly dismissed the claim against Ortiz. Shepherd failed to allege adequate personal involvement by Ortiz to justify holding him liable under 42 U.S.C. § 1983. *See Colon v. Coughlin*, 58 F.3d 865, 873–74 (2d Cir. 1995).

For the foregoing reasons, the judgment of the district court is VACATED in part and AFFIRMED in part.