11-2431-bk
Murphy v. County of Chemung

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of May, two thousand twelve.

**PRESENT:**
> JOSEPH M. McLAUGHLIN,
> ROBERT D. SACK,
> GERARD E. LYNCH,
> > *Circuit Judges*.

—————————————————————————

In Re: Christopher M. Murphy,

> *Debtor*.

—————————————————————————

CHRISTOPHER M. MURPHY,

> *Debtor-Appellant*,
>
> v.                                                              11-2431-bk

COUNTY OF CHEMUNG, JOSEPH SARTORI, individually and in his official capacity as Chemung County Treasurer, CHRISTOPHER MOSS, individually and in his official capacity as Chemung County Sheriff,

> *Defendants-Appellees*.

—————————————————————————

FOR DEBTOR-APPELLANT:                    Christopher M. Murphy, *pro se*, Elmira,
                                         New York.

FOR DEFENDANTS-APPELLEES:                Ransom P. Reynolds, Jr., Davidson &
                                         O'Mara, P.C., Elmira, New York.

Appeal from a judgment and order of the United States District Court for the Western District of New York (David G. Larimer, *J*.).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment and order of the district court are AFFIRMED.

Appellant Christopher Murphy, proceeding pro se, appeals the district court's judgment affirming the order of the bankruptcy court (1) granting summary judgment in favor of the defendants Chemung County, its Treasurer Joseph Sartori, and its Sheriff Christopher Moss, and (2) denying Murphy's motion to amend his complaint. Murphy also appeals the district court's order denying his motion for withdrawal of the reference of his adversary proceeding to the bankruptcy court.

The facts underlying Murphy's suit are sharply contested. Murphy claims that four individuals arrived at his home and evicted him, pursuant to foreclosure on a tax lien, after he had already filed for personal bankruptcy. He claims that two of them, in uniform, identified themselves as representatives of the County Sheriff's Department, and that the other two stood in front of his house next to a truck that bore the county seal. Murphy then sued for damages under 42 U.S.C. § 1983, arguing that these actions violated the Bankruptcy Code's automatic stay provision, 11 U.S.C. § 362, and thereby

2

also violated Murphy's constitutional rights under the Equal Protection and Due Process Clauses of the Constitution.

The only evidence produced by Murphy was his own statement, which we accept as sworn for the purposes of this appeal. The County provided evidence tending to prove that the incident described never occurred, including affidavits from representatives of the Treasurer's and Sheriff's offices describing the internal procedures for foreclosure, and explaining how the facts alleged by Murphy did not conform to those procedures. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review orders of the district courts in their capacity as appellate courts in bankruptcy cases under a standard of plenary review. See In re CBI Holding Co., 529 F.3d 432, 448-49 (2d Cir. 2008). Thus, we "review the bankruptcy court's decision independent of the district court's review." In re Coudert Bros., 673 F.3d 180, 186 (2d Cir. 2012). The bankruptcy court's legal conclusions are reviewed de novo, and its findings of fact are reviewed for clear error. See In re Ames Dep't Stores, Inc., 582 F.3d 422, 426 (2d Cir. 2009).

I. Summary Judgment and Motion to Amend

We review orders granting summary judgment de novo, assessing whether the motion court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. Byrnie v. Town of Cromwell, 243 F.3d 93, 101 (2d Cir. 2001). In so doing, we construe the evidence in the

3

light most favorable to the non-moving party and draw all reasonable inferences in his favor. Id.

We assume arguendo that the evidence presents a genuine issue of fact as to whether unnamed county officers evicted Murphy in the manner he describes. The question before us, however, is whether the defendants named in the complaint were entitled to summary judgment. We must determine whether, construing the contested facts in the light most favorable to Murphy, there remains any genuine issue of material fact, on "the record taken as a whole," that would allow a "rational trier of fact to find for the non-moving party," with respect to the claims made against the defendants named in the complaint. Hayes v. N. Y. C. Dep't of Corr., 84 F.3d 614, 619 (2d Cir. 1996), citing Matsushita Elec. Ind. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986).

There is no such issue of fact between Murphy and the County. Murphy has presented no evidence that could establish the County's liability for the actions he attributes to officers employed by the County. "There is no *respondeat superior* liability under § 1983." Jemmott v. Coughlin, 85 F.3d 61, 67 (2d Cir. 1996). In order to succeed on a suit against the County, Murphy must show that "the alleged unlawful action [was] implemented or was executed pursuant to a governmental policy or custom." Reynolds v. Giuliani, 506 F.3d 183, 190 (2d Cir. 2007), citing Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978). The County has offered competent evidence that its policies and procedures actually prohibit execution of foreclosure warrants under the circumstances present in this case. Murphy offers no evidence to the contrary, identifying no policy or

4

practice of the County and pointing to no other cases in which actions were taken similar to those he alleges here. Thus, even accepting as true Murphy's allegations of eviction at the hands of uniformed representatives of the County Sheriff's office, there is no genuine issue of material fact which would allow a rational fact finder to conclude that the County could be liable under § 1983 for those actions. Much the same is true of appellees Sartori and Moss. Murphy has proffered no evidence, nor indeed has he made any allegations, of their personal involvement in or authorization of the conduct he asserts was committed by the unspecified county agents. Because "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983," Wright v. Smith, 21 F.3d 496, 501 (2d Cir.1994) (internal quotation marks omitted), Murphy has presented no genuine issue of material fact as to the named defendants.

Murphy also contests the bankruptcy court's denial of leave to amend his complaint in order to add, inter alia, the two unnamed sheriff's deputies identified as John Does #1 and #2. Murphy made the motion on November 13, 2009, more than three years after he initially filed suit, and after he had made inquiries of the Sheriff's office regarding his allegations. We review the denial of a motion for leave to amend the complaint for abuse of discretion. Grace v. Rosenstock, 228 F.3d 40, 54 (2d Cir. 2000). A district court abuses its discretion by issuing a decision that "cannot be located within the range of permissible decisions." Sims v. Blot, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks omitted). Among permissible decisions is the determination that "the amendment would be futile," Anderson News, L.L.C. v. Am. Media, Inc., ---- F.3d ----, No. 10-4591-cv, 2012 WL 1085948, at *19

5

(2d Cir. Apr. 3, 2012), citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962), or where the non-moving party would be unduly prejudiced, <u>see</u> <u>McCarthy v. Dun & Bradstreet Corp.</u>, 482 F.3d 184, 200 (2d Cir. 2007).

On the present record, the belated addition of unidentified defendants would be futile. As a general rule, "the use of 'John Doe' to identify a defendant is not favored . . . ." <u>See</u> <u>Feliciano v. County of Suffolk</u>, 419 F. Supp. 2d 302, 313 (E.D.N.Y. 2005). That said, we have recognized that situations arise in which the identity of alleged defendants may not be known prior to the filing of a complaint. <u>See</u> <u>e.g.,</u> <u>Valentin v. Dinkins</u>, 121 F.3d 72, 75-77 (2d Cir. 1997). In such situations, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants." <u>Id</u>. at 75 (internal quotation marks omitted); <u>see</u> <u>also</u> <u>Davis v. Kelly</u>, 160 F.3d 917, 921 (2d Cir. 1998) (finding it appropriate to allow plaintiffs to identify defendants as "John Doe" at the complaint stage "until the plaintiff has had some opportunity for discovery to learn the identities of responsible officials."). Here, however, Murphy had ample opportunity, during the more than three years between the initiation of this suit and the bankruptcy court's final decision, to discover the identity of the County's representatives. He was unable to do so through discovery and declined to adopt the bankruptcy court's proposal made while the motion was pending, of a way to attempt to identify any deputies involved in the alleged eviction. Allowing Murphy to add unnamed defendants at that stage of the proceedings would therefore have been futile.

Amending the complaint would also have been unduly prejudicial to the County. The County expended significant time and resources in an unsuccessful effort to identify potential defendants, including questioning all county sheriff's deputies – all of whom, according to the affidavit filed by appellees, have denied participating in the alleged eviction – and reviewing files to establish that no record of such an eviction proceeding. Precluding Murphy from reopening the discovery process when Murphy had ample opportunity to pursue discovery and other investigation to identify defendants was well within the district court's discretion.

II.  Motion for Withdrawal of the Reference

Murphy also appeals the district court's decision to deny withdrawal of the reference to the bankruptcy court.  This argument has no merit.  A "district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  28  U.S.C. § 157(d).  In determining whether a party has shown "cause," courts consider factors including "whether the claim or proceeding is core or non-core, whether it is legal or equitable, and considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law."  In re Orion Pictures, Corp., 4 F.3d 1095, 1101 (2d Cir. 1993).  The mere presence of a jury demand in a case does not mandate withdrawal of the reference, as "a district court . . . might decide that a case is unlikely to reach trial, that it will require protracted discovery and court oversight before trial, or that the jury demand is without merit, and therefore might conclude that the case at that time is best left in the bankruptcy court."  Id. at 1101-02.

The district court did not abuse its discretion in denying Murphy's motion to withdraw the reference. All three of Murphy's claims arise from alleged violations of the automatic stay provision. See 11 U.S.C. § 362. The district court properly considered all relevant factors in determining whether such an action is core to the bankruptcy proceeding. While its analysis focused on the first cause of action that Murphy has voluntarily dismissed from his complaint, the district court's reasoning applies equally well to Murphy's two remaining claims. Accordingly, we affirm the district court's order.

We have considered all of Murphy's arguments and find them to be without merit. Accordingly, we AFFIRM the judgment and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk