**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3128
_____

MONIR GEORGE,
                              Appellant

v.

WARDEN; NANCY PERSALL; DR. WATSON; DR. SELIG;
VENNE FABER, Health Compliance Coordinator, DDOC;
YEEMI AWODIYA, CMS, Health Service Administrator;
RICHARD GAUDET, Psychologist; ROBERT STERN;
S. RASAD RASHID, Psychiatrist; MARK EWING, Deputy Warden;
PHILLIP PARKER, Major; CORRECTIONAL MEDICAL SERVICES;
C/O STROUPE; C/O BRAGG; C/O NORRIS
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1:09-cv-00962)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2013

Before:  RENDELL, FISHER and GARTH, Circuit Judges

(Opinion filed: May 6, 2013)
_____

OPINION
_____

PER CURIAM

Monir George, a Delaware prisoner, filed a civil rights suit alleging mistreatment as a pretrial detainee. George amended his complaint several times. The District Court dismissed many claims pursuant to its screening responsibilities under the Prison Litigation Reform Act (PLRA); the remaining claims failed at the summary judgment stage, at least in part because George did not meaningfully oppose the defendants' motions for summary judgment. The summary judgment order also dismissed a pending claim against a defendant for failure to effect timely service under Fed. R. Civ. P. 4(m). George now appeals those adverse orders, as well as rulings denying the appointment of counsel and restricting his requests for additional discovery. For the following reasons, we will affirm the majority of the District Court's judgment, but will also vacate in part and remand for further proceedings.

## I.

While awaiting trial on murder and associated charges,[1] George was alternately housed at the Howard R. Young Correctional Institution (HRYCI) and the Delaware Psychiatric Center (DPC). For a time, George was placed in "psychiatric close observation" (PCO) status, an "observational status initiated for offenders deemed to be at risk for suicide or experiencing extreme decompensation and requiring increased

---

[1] He was ultimately found guilty but mentally ill of the charges. See generally George v. State, 5 A.3d 630 (Del. 2010) (table).

surveillance and management by staff." Del. Dep't of Corr. Policy G-05 § IV(E)(1), ECF No. 051-1, Ex. B.[2]

In December 2009, George filed a bare-bones federal civil-rights complaint, which he quickly amended (ECF No. 005) to include a variety of claims aimed at numerous employees and contractors associated with the DPC and HRYCI. The amended complaint alleged inadequate medical care, Due Process and Equal Protection violations, enforced isolation, abuse by corrections officers, an "unhealthy diet," interference with religious practice (sounding under the Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act (RLUIPA)), and a systematic failure to protect George from inmate attacks (which were, in turn, based on his race and religious affiliation). Taking center stage were George's claims about the conditions of his confinement in the HRYCI infirmary unit, which included twenty-four hour illumination in a cell (#196) that lacked either running water or a functional toilet with a cell-mate who displayed signs of an infectious condition – and, later, incarceration in another cell (#206) whose mattress was "partial[l]y squeezed on the floor under [the] toilet."

In its first of three opinions, the District Court dismissed some claims as frivolous, dismissed others for failure to state a claim (but granted leave to amend), and allowed yet other claims to proceed past screening. See generally George v. Morgan, No. 09-962, 2010 U.S. Dist. LEXIS 42667 (D. Del. Apr. 30, 2010). Specifically, the Court dismissed

---

[2] All ECF citations are to documents on the District Court's electronic docket.

"the claims against Morgan, Persall, Watson, Selig, Rashid, Emig, Parker and Doe(s) . . . with prejudice as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)," granted George leave to amend "the conditions of confinement claim," and allowed him "to proceed on the remaining claims against defendants Faber,[3] Awodiya, Gaudet, and Stern." Id. at *17-18.

George filed his second amended complaint (ECF No. 017) shortly thereafter. He re-invoked the conditions of confinement, medical treatment, and Due Process claims, and expanded upon charges directed at three guards – Stroupe, Bragg, and Norris – who were alleged to have engaged in targeted harassment in 2008 and 2009. In its second opinion, the District Court eliminated some claims, allowed others to proceed, and granted leave to amend the claim against Bragg. See George v. Faber, No. 09-962, 2010 U.S. Dist. LEXIS 69053, at *14 (D. Del. July 12, 2010). Remaining were "the psychiatric care observation Due Process claims against defendants Faber, Awodiya, Gaudet, and Stern, and the First Amendment religion claim and [RLUIPA] claims against Faber and Gaudet." Id.

As per the Court's instructions, George's third and final amended complaint (ECF 019) dealt solely with an October 2009 incident involving Bragg and a guard John Doe, who allegedly ignored and then aggravated George's medical condition (by spraying him

---

[3] Defendant "Venne Faber" is actually "Vinnie Fabber." Because the District Court opinions and Faber's submissions generally use the incorrect spelling, we will do so to avoid confusion.

with a bleach solution while repeatedly mocking and demeaning him) before transferring him to a less-desirable cell. At this point, having screened the third amended complaint and concluding that it contained "cognizable" constitutional claims against defendants Bragg and Doe, the District Court ordered the relevant complaints served upon the respective parties. 10/29/2010 Order, ECF No. 022. The discovery phase then followed.

In its final opinion, the District Court granted the remaining defendants' request for summary judgment, dismissed the claim against Bragg without prejudice under Fed. R. Civ. P. 4(m), denied George's motion to compel, and granted the defendants' motions to quash George's subpoenas. See generally George v. Faber, No. 09-962, 2012 U.S. Dist. LEXIS 88875 (D. Del. June 27, 2012). George filed a timely notice of appeal.

II.

We have jurisdiction under 28 U.S.C. § 1291. Sua sponte dismissals under the PLRA receive plenary review, as do orders granting summary judgment. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Kurz v. Phila. Elec. Co., 994 F.2d 136, 138 (3d Cir. 1993). The remaining orders, involving appointment of counsel, discovery matters, dismissals under Fed. R. Civ. P. 4(m), and leave to amend, are reviewed for abuse of discretion. See ZF Meritor, LLC v. Eaton Corp., 696 F.3d 254, 268 (3d Cir. 2012); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993); cf. Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 193 (3d Cir. 2001). "[W]e can affirm on any ground supported by the record." Grayson, 293 F.3d at 109.

5

III.

We examine first the narrow subset of claims that survived to the summary-judgment stage. George failed to produce evidence in opposition to the defendants' submissions, which he attributes to discovery evasion by the defendants. To the extent that George was attempting to acquire privileged or irrelevant material through his subpoenas, we conclude that the District Court did not abuse its discretion by limiting discovery and quashing the subpoenas.[4] Otherwise, we agree with the District Court that, even construing the factual record in George's favor, he failed to do more than "rest . . . on the allegations in [his] pleadings," see Bhatla v. U.S. Capital Corp., 990 F.2d 780, 787 (3d Cir. 1993), and as a result could not prevail against the remaining defendants.[5] See, e.g., Washington v. Klem, 497 F.3d 272, 277 (3d Cir. 2007) ("[T]he plaintiff shall bear the burden of persuasion on whether [the challenged practice or law] substantially burdens the plaintiff's exercise of religion." (quoting 42 U.S.C. § 2000cc-2(b))).

---

[4] The subpoenas do not appear to have been untimely, because the District Court extended the fact-discovery deadline by an additional sixty days in a December 13, 2011 order. See ECF No. 057.

[5] George alleges that Gaudet and Stern unconstitutionally kept him in PCO status for an extended duration. While it appears that one or both may have had the power to downgrade George's PCO status or discharge him, nothing in the record suggests that either was involved in this determination. We need not determine, in any event, whether this confinement otherwise "pass[ed] constitutional muster." Bistrian v. Levi, 696 F.3d 352, 373 (3d Cir. 2012).

6

Turning to the dismissed claims, we address first those pertaining to the conditions of confinement. In the second amended complaint,[6] George described constant illumination, exposed sewage, and other conditions that could be deemed offensive. Courts are sensitive to situations suggesting an extended period of privation or hardship. See Hubbard v. Taylor, 538 F.3d 229, 231, 233–34 (3d Cir. 2008). However, we conclude that George's complaint simply did not articulate sufficient facts to connect any of the defendants with these conditions. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Accordingly, the District Court did not err in dismissing these claims.[7] Nor did George plead sufficient personal involvement in any constitutional violation by the defendants dismissed in the District Court's first opinion. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). Also, the District Court did not abuse its discretion in declining to appoint George counsel after weighing the Tabron factors.

Finally, George argues that the District Court should not have dismissed his claim against defendant Bragg under Fed. R. Civ. P. 4(m) for failure to effect service. We agree. "As indicated by the plain language of Rule 4(m), notice to the plaintiff must be given prior to a sua sponte dismissal." Thompson v. Maldonado, 309 F.3d 107, 110 (2d

---

[6] George's amended allegations superseded the originals. See W. Run Student Hous. Assocs. v. Huntington Nat'l Bank, No. 12-2430, ___ F.3d ___, 2013 U.S. App. LEXIS 6804, at *19 n.4 (3d Cir. Apr. 4, 2013).

[7] The District Court dismissed allegations against Stroupe and Norris at this stage. Because we independently conclude that those allegations were not well-pleaded, we will affirm this portion of the judgment. See Grayson, 293 F.3d at 109.

Cir. 2002) (per curiam). Hence, a District Court abuses its discretion when it dismisses sua sponte without giving notice to the plaintiff and providing an opportunity to show good cause. Meilleur v. Strong, 682 F.3d 56, 61 (2d Cir. 2012). Although the District Court did discuss Rule 4(m) in its service order, see 10/29/2010 Order 2, it did so only in the context of explaining the Form 285 requirement, a step with which George complied; and while its final opinion suggests that George "ha[d] not otherwise shown good cause," George, 2012 U.S. Dist. LEXIS 88875, at *3 n.2, George did not have the specific opportunity to make such a showing.[8]

---

[8] On remand, the District Court may extend the time for proper service or order George to show good cause. Fed. R. Civ. P. 4(m). In a "good cause" determination, "the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995). The District Court already articulated several of the factors that George will likely raise and has mentioned in his briefs before us, and we are not expressing an opinion on whether George can satisfy the good cause standard. We do note that George provided, inter alia, a physical description of the defendant in question, and may have come within a letter of identifying him by name. Cf. Valentin v. Dinkins, 121 F.3d 72, 75 (2d Cir. 1997). We also note that while an IFP plaintiff is not penalized for service failures when they occur "through no fault of his own," he must "remedy any apparent service defects" of which he becomes aware. Young v. Quinlan, 960 F.2d 351, 359 (3d Cir. 1992) (quoting Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987)), superseded by statute on other grounds as stated in Nyhuis v. Reno, 204 F.3d 65, 71 n.7 (3d Cir. 2000). Given the lengthy passage of time in this case, George's belated attempts at discovery (tempered by his later success at extending the discovery period), and the defendants' eleventh hour disclosure of the apparent identity of defendant "Bragg," a "proper" resolution of the good cause determination is not easily found in the relevant cases on point. See also Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244–45 (3d Cir. 2013) (observing that while "courts need not provide substantive legal advice to pro se litigants," they may "be flexible," within reason, in certain circumstances). We commit the inquiry to the sound discretion of the District Court.

IV.

For the foregoing reasons, we will vacate the Rule 4(m) dismissal for failure to effect timely service upon defendant Bragg and remand for further proceedings. The judgment of the District Court will otherwise be affirmed. Judge Garth voted to affirm the District Court, noting that the District Court's order of October 29, 2010, gave the requisite notice to Monir George under Fed. R. Civ. P. 4(m). Judge Garth therefore dissents from the Court's disposition.