12-3613-cv
Cancel v. N.Y.C. Human Res. Admin.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand thirteen.

PRESENT:  REENA RAGGI,
                    CHRISTOPHER F. DRONEY,
                              *Circuit Judges*,
                    LEWIS A. KAPLAN,
                              *District Judge*.[*]

-----------------------------------------------------------
FRANKIE CANCEL,
                    *Plaintiff-Appellant*,

          v.                                                          No. 12-3613-cv

NEW YORK CITY HUMAN RESOURCES
ADMINISTRATION/DEPARTMENT OF
SOCIAL SERVICES, *et al.*,
                    *Defendants-Appellees*.
-----------------------------------------------------------

_____

[*] The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

APPEARING FOR APPELLANT:    FRANKIE CANCEL, *pro se*, New York, New York.

APPEARING FOR APPELLEES:    FAY SUE NG (Pamela Seider Dolgow, Benjamin John Traverse, *on the brief*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*; Henry B. Pitman, *Magistrate Judge*)

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on August 2, 2012, is AFFIRMED IN PART, REVERSED IN PART, and VACATED IN PART, and the case is REMANDED.

Frankie Cancel appeals <u>pro se</u> from the dismissal of his amended complaint for failure to state equal protection and due process claims pursuant to 42 U.S.C. §§ 1981 and 1983 in connection with state employment.  <u>See</u> Fed. R. Civ. P. 12(b)(6).  We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm in part, reverse in part, vacate in part, and remand for further proceedings consistent with this order.

We review a Rule 12(b)(6) dismissal <u>de novo</u>, "accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." <u>Famous Horse Inc. v. 5th Ave. Photo Inc.</u>, 624 F.3d 106, 108 (2d Cir. 2010).  The complaint must plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  A claim will have "facial plausibility when the plaintiff

2

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While pro se complaints must contain sufficient factual allegations to meet the plausibility standard, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), we look for such allegations by reading pro se complaints with "special solicitude" and interpreting them to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006) (emphasis in original; internal quotation marks omitted).

Applying these principles to this case, we conclude that the district court correctly dismissed Cancel's equal protection and § 1981 claims for race discrimination but erroneously dismissed his procedural due process claim pursuant to § 1983. This conclusion warrants both remand of the procedural due process claim and reconsideration of the district court's decision not to exercise supplemental jurisdiction over Cancel's state claims.

1.    Equal Protection and Section 1981 Claims

We affirm the district court's dismissal of Cancel's equal protection and § 1981 claims because Cancel failed plausibly to allege discriminatory treatment on the basis of race. See Reynolds v. Barrett, 685 F.3d 193, 201 (2d Cir. 2012) ("[A] plaintiff pursuing a claimed violation of § 1981 or a denial of equal protection under § 1983 must show that the discrimination was intentional." (internal quotation marks omitted)). Moreover, the district court did not err in dismissing those claims prior to identification of the unnamed defendants because their identities were not relevant to the grounds for dismissal. See Valentin v. Dinkins, 121 F.3d 72, 75 (2d Cir. 1997).

3

While district courts should generally not dismiss pro se claims without affording leave to amend, it need not do so when amendment would be futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (finding that leave to replead would be futile where complaint, even when read liberally, did not suggest that "plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe"). Here, the district court had already permitted Cancel to amend his complaint once, and nothing in his amended complaint suggested that he would be able to state a valid § 1981 or equal protection claim if he were granted leave to amend a second time. Therefore, granting Cancel leave to amend his amended complaint as to these claims would have been futile.

2.    Due Process Claim

Cancel argues that the district court erred in holding as a matter of law that his complaint failed to allege a constitutionally protected property interest in employment necessary to state a procedural due process claim.[1] We agree.

In order to establish a property interest giving rise to a procedural due process claim, a plaintiff must demonstrate "a legitimate claim of entitlement" to the property at issue. Board of Regents v. Roth, 408 U.S. 564, 577 (1972). Generally, "there is no constitutionally

---

[1] Cancel does not challenge the district court's dismissal of his substantive due process claim, and thus he has abandoned that claim on appeal. See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998).

4

protected property interest in prospective government employment," <u>Abramson v. Pataki</u>, 278 F.3d 93, 100 (2d Cir. 2002), but a written or verbal communication guaranteeing government employment may, in some circumstances, give rise to a such a property interest, <u>see</u> <u>Looney v. Black</u>, 702 F.3d 701, 708 (2d Cir. 2012) (collecting cases); <u>Ezekwo v. N.Y.C. Health & Hosps. Corp.</u>, 940 F.2d 775, 783 (2d Cir. 1991) (holding that defendant's "course of conduct, coupled with [plaintiff's] reasonable reliance thereon, created a contractual right that rose to the level of a significant property interest").

Here, Cancel's amended complaint alleges that, at the end of his January 15, 2009 interview, he was offered a Paralegal Aide position in the Office of Legal Affairs, signed a form accepting it, and "was instructed to return for processing prior to his start date of February 9, 2009." Amend. Compl. ¶¶ 34–35, J.A. 16. Only thereafter was Cancel asked to submit certified dispositions of his convictions. Drawing all reasonable inferences in Cancel's favor, we conclude that these pleadings allege a legitimate claim of entitlement to the Paralegal Aide position, subject only to the completion of ministerial tasks prior to his start date. Insofar as defendants submit that circumstances can be adduced showing otherwise, they may certainly pursue that argument after discovery. But on a review only of the amended complaint, we cannot conclude that Cancel fails as a matter of law to state a procedural due process claim.

5

Accordingly, we reverse that part of the district court's judgment.[2] We need not decide on this appeal what process Cancel may have been due in connection with defendant's failure to employ him as a Paralegal Aide.

3.      State Law Claims

In light of our reversal of the dismissal of Cancel's procedural due process claim, we vacate the district court's dismissal of Cancel's state law claims and remand for reconsideration of the  exercise of supplemental jurisdiction over any state claims pursuant to 28 U.S.C. § 1367.

For the foregoing reasons, the judgment of the district court is AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART, and the case is REMANDED.

                                        FOR THE COURT:
                                        CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[2] We nevertheless reject Cancel's argument that N.Y. Correct. Law §§ 752 and 753, which prohibits denying employment on the basis of an applicant's criminal record unless certain conditions are met, created a legally protected property interest in the Paralegal Aide position.  See McMenemy v. City of Rochester, 241 F.3d 279, 288 (2d Cir. 2001) ("[T]he fact that state law creates a right to non-discriminatory consideration for a discretionary [appointment] does not create a property interest, any more than does the requirement of a competitive civil service exam.").

6