18-3199-cv
*Nguedi v. Caulfield*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand twenty.

PRESENT:
        GUIDO CALABRESI,
        RICHARD C. WESLEY,
        RICHARD J. SULLIVAN,
          *Circuit Judges.*

_____

GERARD NGUEDI,

        *Plaintiff-Appellant*,

      v.                                       18-3199

BRIAN CAULFIELD,

*Defendant-Cross-Claimant-Appellee,*

CITY OF NEW YORK, WILLIAM JOSEPH
BRATTON, POLICE OFFICER JOHN DOE,
#1 - 9, CHRISTOPHER CARLUCCI,
RAYMOND PHILLIPS, PETER
SCOURTOS,

*Defendants-Cross-Defendants-Appellees.*

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Gerard Nguedi, pro se, Woodbridge, VA. |
| FOR DEFENDANT-CROSS-CLAIMANT-APPELLEE: | Karen M. Lager, Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., Elmsford, NY. |
| FOR DEFENDANTS-CROSS-DEFENDANTS-APPELLEES: | Tahirih M. Sadrieh, Assistant Corporation Counsel, Scott Shorr, of counsel, *for* James E. Johnson, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the

Southern District of New York (Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Gerard Nguedi, proceeding *pro se*, alleges that nine police officers came to his apartment after his sister called to request a wellness check, forced their way into his apartment, beat him without provocation, sedated him, and took him to Bellevue hospital, in violation of Nguedi's civil rights. On appeal, Nguedi challenges the district court's granting of summary judgment in favor of the City of New York (the "City"), former New York Police Department ("NYPD") Commissioner William Bratton, and Nguedi's building superintendent Brian Caulfield on Nguedi's civil rights claims, and its dismissal of Nguedi's claims against three individual police officers for failure to effect service. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I. Summary Judgment

We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v.*

*Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

To establish liability against the City for the acts of its employees, a plaintiff must show that the violation of his constitutional rights was caused by an official custom, policy, or practice. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). While Nguedi points to his own treatment as evidence of a custom, a single case is insufficient to establish the existence of such a practice. *See Mitchell v. City of New York*, 841 F.3d 72, 80 (2d Cir. 2016); *Sarus v. Rotundo*, 831 F.2d 397, 402 (2d Cir. 1987) (finding that there was no *Monell* claim where "the only relevant evidence presented by appellees was the manner in which they themselves were arrested"). Further, although Nguedi argues on appeal that the district court disregarded "similar operations the NYPD had done in the past," he adduced no evidence regarding such operations, nor did he raise this argument before the district court. Nguedi's Br. at 30.

4

Nguedi's claims against the individual defendants also lack merit. Because Nguedi failed to present any facts of Commissioner Bratton's "personal involvement . . . in alleged constitutional deprivations," which "is a prerequisite to an award of damages under § 1983," his claim against the Commissioner fails. *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013) (internal quotation marks omitted); *see also Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995) ("The bare fact that [a defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [a] claim."). In order to maintain claims against Caulfield – Nguedi's apartment building manager and a private citizen – Nguedi was required to establish that Caulfield conspired with state actors. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002). But Nguedi points to no evidence, apart from conclusory allegations, to support the existence of a conspiracy or otherwise suggest that Caulfield engaged in a joint action with the police officers to violate Nguedi's constitutional rights. Accordingly, the district court did not err in dismissing the claims against Caulfield.

## II. Failure to Serve

We review a dismissal for failure to serve under Federal Rule of Civil

5

Procedure 4(m) for abuse of discretion. *Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010). Here, Nguedi's sole argument concerning the dismissal of the three named officers for lack of service is that he was waiting to serve them until the City identified all nine officers that Nguedi originally alleged participated in the illegal arrest. This contention is meritless. To be sure, Nguedi previously requested that the City provide him with the identities of the nine officers pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997). But after the City represented that it could only identify three officers who matched the descriptions provided by Nguedi, the magistrate judge ruled that the City had complied with its obligations under *Valentin* and need not conduct a further search. Because Nguedi did not appeal that ruling to the district court, he has waived his right to object to it now. *See Caidor v. Onondaga County*, 517 F.3d 601, 604–05 (2d Cir. 2008). Given the magistrate judge's order that the City was not required to make further efforts to identify the additional officers, we find no abuse of discretion in the district court's dismissal of Nguedi's claims for failure to serve the three identified ones.

\*     \*     \*

6

We have considered all of Nguedi's remaining arguments and find them to be without merit.   Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court