24-677-cv
*Caldwell v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand twenty-five.

PRESENT:
>   DEBRA ANN LIVINGSTON,
>   AMALYA L. KEARSE,
>       *Circuit Judges,*
>   J. PAUL OETKEN,
>       *District Judge.*[*]

———————————————————————————

Emmett Caldwell,

>   *Plaintiff-Appellant,*

>   v.                                          **24-677-cv**

———————————————

[*] Judge J. Paul Oetken, of the United States District Court for the Southern District of New York, sitting by designation.

**City of New York, NYC Board of Education, PS 123,**

*Defendants-Appellees,*

**John Doe 1-7, P.S. 123 Principal, John Doe, P.S. 123 Afterschool Supervisor,**

*Defendants.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Emmett Caldwell, pro se, San Juan, PR. |
| **FOR DEFENDANTS-APPELLEES:** | Susan Paulson, Tahirih M. Sadrieh, of counsel, *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Dale E. Ho, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Emmett Caldwell, pro se, appeals from the district court's grant of summary judgment to the defendants, and its denial of his motion to compel arbitration. In 2021, Caldwell sued the City of New York ("City"); the New York City Board of

Education (now the New York City Department of Education, hereinafter "DOE"); an unidentified P.S. 123 principal; an unidentified P.S. 123 afterschool supervisor; and six John Doe P.S. 123 students, alleging that the students and the afterschool supervisor sexually assaulted him in 1964. Caldwell's complaint raised unspecified federal constitutional claims; civil rights claims under Title VI (42 U.S.C. § 2000d); and state-law claims for negligent supervision, vicarious liability, and intentional infliction of emotional distress. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), the district court directed the City and the DOE to assist in identifying the alleged perpetrators, but none were identified. During a post-discovery conference, Caldwell alleged that the defendants had entered into an agreement for arbitration.

The defendants moved for summary judgment; Caldwell opposed and moved to compel arbitration. The district court denied the motion for arbitration as unsupported, and granted summary judgment to the defendants, concluding that the claims against the unidentified defendants could not proceed; the federal claims were time-barred; and, even if the state law claims were not time-barred, Caldwell failed to establish that the known defendants (the City and the DOE) could be liable for the alleged assault. Caldwell timely appealed. We assume the

3

parties' familiarity with the remaining facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to **AFFIRM**.

"We review a district court's grant of summary judgment *de novo*." *Kravitz v. Purcell*, 87 F.4th 111, 118 (2d Cir. 2023). Summary judgment is appropriate when, with the evidence construed in the light most favorable to the non-movant and all reasonable inferences drawn in that party's favor, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Hayes v. Dahlke*, 976 F.3d 259, 267 (2d Cir. 2020).

As an initial matter, Caldwell has abandoned any challenge to the district court's dismissal of the complaint against the unidentified individual defendants by failing to address the issue in his brief. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (issues not adequately addressed in briefs are abandoned); *Valentin*, 121 F.3d at 75 ("It is a general principle of tort law that a tort victim who cannot identify the tortfeasor cannot bring suit.").

We perceive no error in the district court's denial of Caldwell's motion to compel arbitration. "When moving to compel arbitration, the party seeking . . . arbitration bears an initial burden of demonstrating that an agreement to arbitrate was made." *Barrows v. Brinker Rest. Corp.*, 36 F.4th 45, 50 (2d Cir. 2022)

4

(internal quotation marks and alteration omitted). Caldwell submitted no evidence of the purported arbitration agreement to the district court.

The district court also properly granted summary judgment in favor of the City and the DOE. The statute of limitations for Caldwell's federal claims expired decades ago, and he provided no basis for equitable tolling. *See Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 108, 111 (2d Cir. 2023) (statute of limitations for Section 1983 claims arising in New York is three years); *Clark v. Hanley*, 89 F.4th 78, 92 (2d Cir. 2023) (equitable tolling requires a showing of "rare and exceptional circumstances"). And, assuming hypothetically, as the district court did, that Caldwell's state law claims were timely, we agree that Caldwell failed to raise a genuine dispute of fact as to those claims. Specifically, he failed to provide evidence from which it could be inferred that the City or the DOE knew or should have known that the alleged assault could have reasonably been anticipated. *See Moore Charitable Found. v. PJT Partners, Inc.*, 40 N.Y.3d 150, 157 (2023) (negligent supervision); *Rivera v. State*, 34 N.Y.3d 383, 389 (2019) (vicarious liability); *Chanko v. Am. Broad. Cos.*, 27 N.Y.3d 46, 56 (2016) (intentional infliction of emotional distress). As a result, the City and the DOE were entitled to judgment as a matter of law as to each of Caldwell's claims.

5

We have considered Caldwell's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court